(No. 37111.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY LEE MILLER, Plaintiff in Error.

*Opinion filed March 22, 1963.*

JAMES MAHER, JR., of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Henry Lee Miller, was indicted for assault with intent to murder. He entered a plea of not guilty, was tried before a jury, found guilty and sentenced by the court to a minimum of ten years and a maximum of twenty years in the penitentiary. By writ of error he seeks to reverse the judgment of conviction.

Defendant's contention is that he was not proved guilty beyond a reasonable doubt because he was not sufficiently identified, and his evidence of alibi should not have been disregarded by the jury.

Police officer Lambert Kefer was driving a three-wheel motorcycle in the 2600 block on West Madison Street in Chicago at approximately 11:30 P.M. on Monday, April 20, 1959. Officer Kefer noticed a man running south in an alley in the middle of the block. He swung his motorcycle around, dismounted, and confronted the man in the mouth of the alley. The officer told the man to stop and the man replied: "Get away from me, you dirty copper," and then shot the officer. Kefer was only four feet away from the man when he was shot.

After shooting the officer, the man ran down the alley to the north and the officer fired five shots as he fled. The officer called for help and an ambulance took him to Presbyterian Hospital where he remained for about twelve weeks.

While the alley itself was unlighted, there was a tall street light immediately opposite the mouth of the alley swinging over the street. Eight days later a police officer brought a picture of the defendant to officer Kefer's hospital room where he made a partial identification of the picture. One week after this identification of the defendant's picture, a detective brought the defendant to officer Kefer's room and Kefer immediately identified him as his assailant.

It further appears from the evidence that the defendant was admitted to Hines Hospital on April 27, 1959, where X-rays revealed a metal pellet in defendant's chest between the fourth and fifth ribs. A Dr. Sodaro testified that he treated the defendant on April 21, 1959, at his home and found an inflammation of the lungs which he originally diagnosed to be pneumonia. However, on cross-examination, it appeared that the doctor was not told of any wound, did not examine the defendant's back, and further testified that a gunshot wound could have caused the same symptoms. Defendant lived about a block from the scene of the assault. He testified that he was home all day and night on April 20 and did not shoot officer Kefer. He stated that he went to Hines Hospital on April 27 because he was suffering chest and stomach pains. He told of going to a party on the 15th of April where a fight broke out and something hit him in the back and he fell.

The defendant's mother, grandmother, and two friends testified that the defendant was home with them on the 20th of April. However, in their testimony they described April 20 as a Sunday, rather than a Monday, stating that defendant went to church with his grandmother and came home for Sunday dinner and did not leave the rest of the day.

The defendant complains that officer Kefer's identification was uncertain and insufficient to justify a conviction. He further complains that the original identification was not made with reasonable promptness after the assault. It is true that where the conviction of a defendant rests upon identification which is doubtful, vague, and uncertain, and which does not produce an abiding conviction of guilt, it will be reversed. (*People* v. *Capon*, 23 Ill.2d 254; *People* v. *McGee*, 21 Ill.2d 440.) However, in the present case officer Kefer observed the defendant four feet away at the mouth of an alley opposite a large street light. He identified the defendant's picture at the earliest possible time and made a positive identification of the defendant in the hospital. We

find the officer's testimony clear and convincing and unshaken on cross-examination. The lapse of time between the assault and the identification in this case is certainly not unreasonable considering the fact that both the complaining witness and the defendant were in different hospitals with gunshot wounds subsequent to the assault. We have also carefully examined the alibi evidence of the defendant and find grave inconsistencies in the testimony.

Based upon a consideration of the entire record we are convinced that the defendant had a fair trial and was proved guilty beyond a reasonable doubt. (*People* v. *Capon*, 23 Ill.2d 254.) The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*