(No. 52639.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. KEITH DOUGLAS ROGERS, Appellee.

*Opinion filed September 29, 1980.*

William J. Scott, Attorney General, of Springfield, and Charles R. Garnati and Robert H. Howerton, State's

Attorneys, of Marion (Donald B. Mackay, Melbourne A. Noel, Jr., and Jonathan Strauss, Assistant Attorneys General, of Chicago, and Stephen J. Maassen and Raymond F. Buckley, Jr., of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

John H. Reid, Deputy Defender, and Jeff M. Plesko, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The sole issue raised by this appeal concerns the admissibility in evidence of a police composite sketch. The Williamson County circuit court permitted a photocopy of an Identi-kit composite of the offender to be admitted as corroboration of the identification testimony given by the prosecuting witness. The defendant was subsequently convicted of armed robbery. The appellate court reversed, finding that the admission of the sketch served to deprive the defendant of a fair trial. (75 Ill. App. 3d 866.) We granted the State leave to appeal under our Rule 315. 73 Ill. 2d R. 315.

A service station in Marion was robbed on November 15, 1976, at approximately 8:45 p.m. The station's assistant manager, Hubert Edward Moake, was on duty that evening. According to Moake, the offender carried a handgun and took $119 in cash from the service station. Moake assisted the police in making a composite sketch later that evening. Approximately 1½ weeks after the commission of the offense, Moake tentatively identified the defendant, Keith Rogers, from a group of photographs, stating that he would have to see the individual in person to be certain. As a result, a lineup was conducted and Moake positively identified the defendant as being

the man who robbed him. Thereafter, the defendant was charged by information with armed robbery in violation of section 18–2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 18–2). The defendant filed a pretrial motion, seeking the suppression of testimony relating to the lineup and the suppression of an in-court identification of the defendant. The court granted the motion to suppress the lineup identification, finding that defendant's sixth amendment right to counsel had been violated. A hearing was then conducted in order to ascertain the prosecuting witness' ability to make an identification of the offender independent of the lineup. At the conclusion of the hearing, the court found there to be sufficient evidence, independent of the illegally conducted lineup, from which the witness could identify the offender. The court, therefore, denied the defendant's motion to suppress an in-court identification, and the defendant was subsequently convicted.

At the trial of this case, Moake testified as to his ability to observe the defendant before and during the robbery. After he related the details of the incident, Moake, over the defendant's objection, identified the defendant as being the man who robbed him. Moake testified that he met with Detective Gary Ashman of the Illinois State Police on the night of the robbery for the purpose of making a composite sketch of the offender. Counsel for the defendant objected to the admission of the photocopy of the composite on the grounds that "it would add nothing to the case and it would be in violation of the best evidence rule." The circuit court overruled this objection, stating that any evidence tending to show the credibility of a witness would be admissible. Moake then testified that the photocopy of the Identi-kit composite accurately and correctly portrayed the composite that was made and, as such, portrayed the man who robbed him. Moake did state, however, that the small,

dark, thin mustache in the sketch should have been light-colored and thin to more accurately portray the offender. During cross-examination, defense counsel asked Moake about the lineup, thereby waiving the suppression of the lineup identification. Thus, on redirect examination, Moake was able to state that he positively identified the defendant in the lineup as being the man who robbed the service station on November 14, 1976.

Detective Ashman testified that Moake described the robber as being between the ages of 20 and 24, standing 5 feet 10 inches or 5 feet 11 inches tall, weighing 135 to 140 pounds, with light brown hair, glasses and a moustache. The description was given for the purpose of making a composite sketch. Detective Ashman stated that he utilized an Identi-kit for the making of the composite. He testified that the photocopy admitted in evidence accurately and correctly depicted the composite he prepared. The detective then, in the presence of the jury, reconstructed the composite originally made and depicted in the photocopy.

On review, the State conceded that the composite constituted hearsay evidence, but that its admission was harmless error. The appellate court reversed defendant's conviction, finding the admission of the composite to have denied the defendant a fair trial. The sole issue before this court is whether the admission of the composite sketch was erroneous and, if so, of such magnitude as to deprive the defendant of a fair trial.

An Identi-kit consists of several transparent overlays. On each overlay is a printed variation of a facial feature. The eyewitness selects the variation of each feature which most closely matches that of the offender. Since each overlay is numbered, the composite can be easily duplicated. (See Annot., 42 A.L.R.3d 1217, 1220 (1972).) The Identi-kit composite is an extrajudicial identification; that is, it is an identification made prior to or outside of the trial

in which the evidence of the identification is sought to be introduced. (Annot., 71 A.L.R.2d 449, 452 (1960); Note, *Admissibility of Extrajudicial Identifications*, 32 Okla. L. Rev. 462, 462-63 (1979).) The admissibility of such evidence may be challenged on two grounds. First, it may be alleged that the surrounding circumstances under which the identification was obtained were unnecessarily suggestive. Then, on constitutional grounds, the extrajudicial identification evidence will be barred from use at trial. (See, *e.g., Gilbert v. California* (1967), 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (in-court identification must be free from taint of illegal lineup).) It is the second ground, concerning evidentiary rules, upon which the defendant claims that the trial court erred in admitting the Identi-kit composite sketch in our case. Citing *People v. Turner* (1968), 91 Ill. App. 2d 436, and *People v. Fair* (1977), 45 Ill. App. 3d 301, defendant asserts that the identification constituted impermissible hearsay. He also argues that the composite, admitted through the testimony of the prosecuting witness, was no more than a prior consistent statement which cannot be introduced to bolster the witness' testimony in the absence of impeachment. The State also premises its argument first on hearsay principles, stating that the extrajudicial identification should be admissible as substantive evidence of prior identification since the declarant was available for cross-examination at trial and the identity of the defendant was a critical issue in dispute. The State also asserts that the prohibition against the admission of prior consistent statements is inapplicable in situations where identification evidence is involved.

Several jurisdictions have addressed the issue concerning the propriety of permitting evidence of an extrajudicial identification in a trial where the identity of the accused is an issue. Some courts have allowed the prior identification to be admitted as corroboration testimony,

stating that the evidence relates to the weight and sufficiency of the in-court identification rather than to its admissibility. (*State v. Childs* (1967), 198 Kan. 4, 422 P.2d 898 (photograph identification); *Judy v. State* (1958), 218 Md. 168, 146 A.2d 29 (photograph).) Other courts hold the extrajudicial identification to be admissible as independent substantive evidence of identity. (*People v. Gould* (1960), 54 Cal. 2d 621, 254 P.2d 865, 7 Cal. Rptr. 273 (photograph identification).) Another court has ruled that although the Identi-kit composite itself was inadmissible, the preparing police officer could testify as to the operation of the Identi-kit. (*Butler v. State* (1970), 226 Ga. 56, 172 S.E.2d 399.) Other jurisdictions have held, pursuant to statute, that evidence of prior identification is permissible as either corroboration of impeached identification testimony (*State v. Lancaster* (1971), 25 Ohio St. 2d 83, 267 N.E.2d 291 (police artist sketch)) or as substantive proof of identity where the identifier is subject to cross-examination and the evidence is fair and reliable (*State v. Ginardi* (1970), 111 N.J. Super. 435, 268 A.2d 534 (Identi-kit composite sketch)). For a list of States which have adopted evidence rules providing for the admissibility of prior identifications, see 11 Moore's Federal Practice, section 801.41 [4.–2], at VIII–40 (2d ed. 1976). On the other hand, several jurisdictions have held evidence of prior identification to be inadmissible hearsay and have refused its admission in evidence unless the evidence falls within an exception to the hearsay rule. See, *e.g., People v. Coffey* (1962), 11 N.Y.2d 142, 182 N.E.2d 92, 227 N.Y.S.2d 412 (police artist sketch); *Commonwealth v. Rothlisberger* (1962), 197 Pa. Super. 451, 178 A.2d 853 (artist sketch); *Commonwealth v. McKenna* (1969), 355 Mass. 313, 244 N.E.2d 560.

From these cases it is apparent that the courts generally consider sketches and Identi-kit composites as out-of-court identifications and the use of them to be governed

by the rules applicable to the admission of evidence concerning out-of-court identifications. The applications of these rules in the cases usually involve a discussion of the hearsay rule.

It appears that no single facet of the law has been productive of as much confusion as has the application of the hearsay evidence rule. The varied treatment given evidence of pretrial identification in the cases discussed amply demonstrates this assertion. The definition of hearsay itself is deceptively simple and is generally accepted to be testimony of an out-of-court statement offered to establish the truth of the matter asserted therein, and resting for its value upon the credibility of the out-of-court asserter. (*People v. Carpenter* (1963), 28 Ill. 2d 116, 121; McCormick, Evidence sec. 246, at 584 (2d ed. 1972).) The confusion arises, as is often the case, in the application of the definition. Often, a broad, sweeping generalization is made in the reported decisions and by attorneys that all extrajudicial statements made out of the presence of a defendant are hearsay and therefore not admissible. However, in many situations, testimony may be offered of an out-of-court assertion to prove the facts of the matter asserted, and yet the reason for the exclusion of hearsay evidence will be absent. We find the facts now before us to constitute such a situation.

The reason for excluding such evidence is found in the last phrase of the definition stated above: "[A]nd resting for its value upon the credibility of the out-of-court asserter." The basis for excluding evidence under the hearsay rule lies in the fact that an opportunity to ascertain the veracity of the testimony is absent (29 Am. Jur. 2d, *Evidence* sec. 493, at 552 (1967)), and not that the evidence offered may technically fall within the definition of the term. Thus, the essential requirement of the testimonial offering is the opportunity for cross-examination of the party whose assertions are offered to prove the

truth of the fact asserted. *People v. Robinson* (1978), 73 Ill. 2d 192, 200; *People v. Clark* (1972), 52 Ill. 2d 374, 389; *People v. Cook* (1965), 33 Ill. 2d 363, 370; *People v. Carpenter* (1963), 28 Ill. 2d 116, 121.

This court, in the past, has approved the giving of testimony that the victim of a crime has identified the defendant from a photograph or from a lineup. (*People v. Cook* (1965), 33 Ill. 2d 363, 371; *People v. Miller* (1963), 27 Ill. 2d 336; *People v. Gray* (1962), 24 Ill. 2d 229; *People v. Brown* (1959), 16 Ill. 2d 482.) Although in these cases the witness was permitted to testify as to his out-of-court identification as corroboration of his in-court identification, this accepted evidence of out-of-court statements was in no case admitted as substantive evidence, even though the one who made the statements is present in court and subject to cross-examination. See *People v. Spicer* (1979), 79 Ill. 2d 173, 179; *People v. Bailey* (1975), 60 Ill. 2d 37, 43; *People v. Cook* (1965), 33 Ill. 2d 363, 371; *People v. Moretti* (1928), 330 Ill. 422, 424; *People v. Scott* (1921), 296 Ill. 268, 273.

In *People v. Clark* (1972), 52 Ill. 2d 374, 388-90, this court noted the general rule that although the witness may be present in court and subject to cross-examination, he may not testify as to statements he made out of court for the purpose of corroborating his testimony given at trial relative to the same subject, except to rebut a charge or inference that the witness is motivated to testify falsely or that his testimony is of recent fabrication. This general rule does not, however, apply to statements of identification. The justification for this exception is based on the notion that, by the time of trial, the witness' mind has become so conditioned that there is little likelihood that he would not identify the person in court. The exception has been explained thus:

> "The psychology of the situation is practically the same as when recent contrivance is alleged. To corroborate

the witness, therefore, it is entirely proper *** to prove that *at a former time,* when the suggestions of others could not have intervened to create a fancied recognition in the witness' mind, he recognized and declared the present accused to be the person." (Emphasis in original.) (4 Wigmore, Evidence sec. 1130, at 277 (Chadbourn rev. ed. 1972).)

Although this exception in favor of identification testimony is widely acknowledged, it has not been applied by the courts in a uniform manner. See Annot., 71 A.L.R.2d 449 (1957).

To resolve the uncertainty as to the law in this State concerning evidence of out-of-court identification, we set forth herein the rules that should govern the admissibility of such evidence. If a third person were to testify that he saw or heard A identify B as the person who committed the offense, that would obviously and clearly be hearsay testimony and would not be admissible. However, if A testifies that he previously identified B and his veracity is tested by cross-examination, the reason for excluding the third person's testimony has been removed. The third person should then be permitted to testify that he heard or saw A identify B because both A and the third person would be subject to cross-examination concerning the out-of-court identification. Evidence of such out-of-court identification by both A and the third person should be admissible but should be used only in corroboration of in-court identifications and not as substantive evidence. Before the third person is permitted to testify as to A's identification of B, A should first testify as to his out-of-court identification.

In this case, Moake testified, under oath, as to his statement concerning the description of the robber which he gave to Detective Ashman. Moake also testified as to the authenticity of the photocopy of the Identi-kit composite sketch. The jury was able to observe Moake's demeanor, and, more importantly, Moake was subject to

cross-examination and was, in fact, cross-examined. Under these facts alone, we would hold that the admission of the sketch did not constitute error. The additional fact that Detective Ashman testified at the trial supports our decision; the officer's testimony served to authenticate the photocopy and to establish the veracity of Moake's testimony. We therefore hold that the hearsay rule does not operate to bar the admission of the extrajudicial identification.

As hereinbefore stated, the composite and testimony concerning the production thereof constituted extrajudicial statements of identification. We have long permitted the admission of authenticated prior identification evidence where the identifier is present at trial and available for cross-examination. (See, *e.g., People v. Wilson* (1953), 1 Ill. 2d 178, 188-89, *cert. denied* (1954), 347 U.S. 928, 98 L. Ed. 1080, 74 S. Ct. 530; see generally McCormick, Evidence sec. 251, at 603 (2d ed. 1972); Comment, *Hearsay Witnesses' Prior Statements, and Criminal Justice in Illinois,* 1974 U. Ill. L.F. 675 (1974).) In *People v. Cook* (1965), 33 Ill. 2d 363, 371, we recognized the significance of identification evidence:

"We have consistently approved and regarded as convincing evidence the fact that the victim of a crime has identified the defendant from a photograph or a police line-up."

We find equally convincing the evidence of a description given to the police shortly after the commission of the crime and the sketch produced therefrom.

We therefore hold that the trial court did not err in its admission in evidence of the composite sketch. The identification evidence did not constitute impermissible hearsay evidence; the identifying witness Moake testified under oath and was subject to cross-examination as to his out-of-court statements. Furthermore, the evidence was not admitted as substantive evidence but as prior identi-

fication evidence to corroborate the prosecuting witness' in-court identification of the defendant. As such, it was properly admitted. We reject defendant's assertion that the discrepancies in the physical description Moake gave to the police shortly after the crime rendered the sketch unreliable. These matters did not concern the admissibility of the evidence, but, rather, concerned the credibility of Moake and the weight to be given the identification evidence.

We are not unmindful of the cases in our appellate courts wherein the admission of a police composite sketch was held to constitute either reversible error (*People v. Turner* (1968), 91 Ill. App. 2d 436; *People v. Fair* (1977), 45 Ill. App. 3d 301; *People v. Slago* (1978), 58 Ill. App. 3d 1009), or were held to be harmless error (*People v. Jones* (1975), 34 Ill. App. 3d 103, cert. denied (1976), 426 U.S. 953, 49 L. Ed. 2d 1192, 96 S. Ct. 3179; *People v. Castillo* (1976), 40 Ill. App. 3d 413). The above decisions were premised on the notion that the sketches were inadmissible as either hearsay or as a prior statement consistent with a witness' testimony. We have rejected both of these assumptions.

We note that, pursuant to rule, the Federal courts do not deem extrajudicial identification evidence to constitute hearsay evidence. Rule 801 provides, in pertinent part:

"(d) Statements which are not hearsay. A statement is not hearsay if—
(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is *** (C) one of identification of a person made after perceiving him ***." (Fed. R. Evid. 801(d)(1)(C).)

Thus, pretrial photograph identifications, descriptions and composite sketches have been held admissible by the Federal courts. (See, *e.g., United States v. Moskowitz* (2d Cir. 1978), 581 F.2d 14, cert. denied (1978), 439 U.S.

871, 58 L. Ed. 2d 184, 99 S. Ct. 204.) Further, the rule has been construed as permitting the introduction of such evidence, not merely for corroboration, but as substantive proof of the issue of identity. (See, *e.g., United States v. Marchand* (2d Cir. 1977), 564 F.2d 983, 996-97, *cert. denied* (1978), 434 U.S. 1015, 54 L. Ed. 2d 760, 98 S. Ct. 732.) (See generally Comment, *The Use of Prior Identification Evidence in Criminal Trials Under the Federal Rules of Evidence,* 66 J. Crim. L. & Criminology 240 (1975).) While we do not hold such evidence to constitute substantive proof of identity, we find the Federal law to be supportive of our holding that prior identification evidence is admissible where the declarant is available for cross-examination and the evidence satisfies constitutional and other evidentiary requirements.

In conclusion, we hold that the trial court correctly admitted the composite sketch and Moake's description in evidence as corroboration of his in-court identification of the defendant. Accordingly, the judgment of the appellate court is reversed and the judgment of the circuit court of Williamson County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*