THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KEITH BROWN, Defendant-Appellant.

Second District   No. 81—828

Opinion filed March 8, 1984.—Rehearing denied April 12, 1984.

G. Joseph Weller and Michael F. Braun, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko and Cheri A. Novak, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Keith Brown, was convicted of the offense of rape (Ill. Rev. Stat. 1979, ch. 38, par. 11—1), following a jury trial. Judgment was entered on the jury verdict and he was subsequently sentenced to 10 years' imprisonment. Defendant has appealed.

The State's case against the defendant rested primarily on the testimony of the complaining witness, Karen Moravek. The substance of her testimony was that on May 23, 1981, at about 5:40 a.m., a man whom she later identified as the defendant attacked her in her house and forced her to have intercourse. Defendant's defense, in addition to attempting to show inconsistencies in the victim's testimony, consisted of the testimony of an alibi witness, his sister, and of his own testimony.

On appeal, defendant first contends that the testimony of the complaining witness, Karen Moravek, was so riddled with inconsistencies and weaknesses that the State did not satisfy its burden of proving the defendant guilty beyond a reasonable doubt.

The defendant argues that Moravek's credibility was severely damaged by her failure to immediately tell the police the suspected identity of her assailant when she was initially questioned at her home. The record indicates that, upon the limited inquiry of Officer Diane Carlson, Moravek generally described her attacker as a black male, 6 feet 1 inch, 170 pounds, without facial hair and approximately 19 years old, and having a short afro hairstyle. However, she did not mention to the officer that she believed the attacker to be Keith Brown, a co-worker of her husband's whom she had previously met several months before. In addition, at one point, defense counsel elicited from Moravek that her first statement to the assailant was "who are you." Defendant argues that if Moravek was certain of defendant's identity she would not have asked this question.

The defendant proceeds to challenge the lack of specificity in Moravek's description of defendant. In particular, defendant notes that the witness was mistaken by five years in defendant's age, two inches in his height, 30 odd pounds in weight, and she labeled defendant's car a white LeMans with a creme top when in fact Keith Brown's automobile is a white tan-topped Monte Carlo with opera windows and paint primer spots. Finally, defendant attempts to impeach Moravek by contending that she made certain inconsistent remarks as to the exact sequence of events on the morning of the rape.

Defendant concludes that since Moravek's testimony is not clear and convincing, corroboration was necessary to sustain defendant's conviction. (*People v. Rodriquez* (1978), 58 Ill. App. 3d 775, 778; *People v. Kepler* (1966), 76 Ill. App. 2d 135, 140-41.) According to the defendant, that corroboration is absent in the State's case. A police fingerprinting of a mirror and telephone which the attacker allegedly grabbed while at the victim's home was inconclusive. Defendant also argues that the hair, blood and saliva samples taken from Moravek and Brown were likewise inconclusive. While these tests do indicate that defendant could have been the rapist, Brown contends that the statistics represent mere probabilities and are insufficient to corroborate Moravek's testimony.

In rebuttal, the State properly recognizes that if positive and credible, a complainant's testimony alone is sufficient to sustain a rape conviction. (*People v. Osborn* (1977), 53 Ill. App. 3d 312, 323, *cert. denied* (1978), 439 U.S. 837, 58 L. Ed. 2d 134, 99 S. Ct. 122.) Minor variances are mere discrepancies which go only to the issue of credibility (*People v. Barr* (1980), 85 Ill. App. 3d 992), and credibility is a function to be judged by the trier of fact (*People v. Payton* (1980), 84 Ill. App. 3d 181).

While there were undoubtedly some minor discrepancies in Moravek's testimony, the basic and critical elements of her testimony were consistently repeated, and apparently believed, throughout the trial court proceedings. Each of the purported weaknesses in Moravek's testimony was successfully explained and accounted for at trial. For example, the fact that Moravek did not tell Officer Carlson the suspected identity of her attacker was related to her initial reluctance at hastily accusing a friend of her husband. Further, her physical description of defendant, although general in detail, was sufficiently accurate to coincide with defendant's appearance. Obviously a frightened and emotionally distraught victim of a violent crime may not be able to describe her assailant with the exactitude demanded by inquisitive trial attorneys. The fact that a witness does not describe

the specific physical features of her attacker does not destroy the credibility of that witness. (*People v. Stanford* (1975), 34 Ill. App. 3d 485, 488-89; *People v. Utinans* (1977), 55 Ill. App. 3d 306, 314-15.) Minor discrepancies in height, weight, age, etcetera are matters which a jury might rightfully consider in assessing the credibility of a certain witness, but they are not generally a basis for the reversal of a conviction. See *People v. Barr* (1980), 85 Ill. App. 3d 992; *People v. Payton* (1980), 84 Ill. App. 3d 181.

Moravek's misdescription of the defendant's auto may likewise be excused on the basis that both her description and Brown's actual vehicle were mid-1970's, white tan-topped, American mid-sized cars. We do not expect ordinary citizens to be experts in making fine distinctions between the many vehicles Detroit produces. See *People v. Adkins* (1963), 29 Ill. 2d 332.

Finally, the corroborating physical evidence gleaned from police laboratory tests was considered by the trial court to be more illuminating than the defendant suggests. In particular, the vaginal swab taken from Moravek revealed that the rapist was a secretor with a type B blood, PBM type 2-1. Only 4.9% of the black population has these characteristics, and defendant matched these results. While mere physical probabilities might be insufficient alone to establish guilt beyond a reasonable doubt, they provide helpful corroboration to Moravek's eyewitness testimony as to the crime in question.

■ Courts of review are charged with the duty of carefully examining the evidence in rape cases, and reversing a conviction if the evidence is insufficient to establish a defendant's guilt beyond a reasonable doubt; however, in discharging this duty, an appellate court cannot encroach upon the function of the trier of fact to weigh credibility and assess the evidence presented. Consequently a reversal is permissible only where the evidence is so palpably contrary to a guilty determination, or so unreasonable, improbable, or unsatisfactory that it raises a reasonable doubt of defendant's guilt. (*People v. Genus* (1979), 74 Ill. App. 3d 1002, 1008-09; *People v. Reese* (1973), 54 Ill. 2d 51, 58; *People v. Szudy* (1982), 108 Ill. App. 3d 599, 605; see *People v. Secret* (1978), 72 Ill. 2d 371.) In the present case, the victim had ample opportunity to view her assailant, her testimony was clear and convincing, and any minor variances and discrepancies in her recounting went only to the issue of credibility. The requirement that a prosecutrix' testimony be clear and convincing does not mean it must be uncontradicted or unimpeached. (*People v. Barr* (1980), 85 Ill. App. 3d 992, 999.) Moreover, corroborating evidence was presented in the form of physical evidence as well as Moravek's prompt complaint to

police officers, her husband, and her mother. See *People v. Secret* (1978), 72 Ill. 2d 371; *People v. Trejo* (1976), 40 Ill. App. 3d 503, 509; *People v. Utinans* (1977), 55 Ill. App. 3d 306, 315.

■ The next issue raised by defendant on appeal is that the trial court erred when it prohibited defendant from cross-examining the complaining witness on her refusal to talk to defense counsel. Defendant contends that the judicial trend in Illinois is to permit the widest latitude possible in cross-examination of witnesses, and since inquiry into a witness' refusal to talk with one side may affect that witness' credibility in the minds of the jurors (see *People v. VanZile* (1977), 48 Ill. App. 3d 972; *People v. Timmons* (1983), 114 Ill. App. 3d 861; *People v. Stout* (1982), 110 Ill. App. 3d 830; *People v. Foley* (1982), 109 Ill. App. 3d 1010), the right to such cross-examination is absolute.

It is the defendant's desire that this court follow the reasoning aptly stated in the *VanZile* decision:

"The credibility of a witness is always an issue—more correctly, *in* issue. A refusal to talk in advance of trial to the other side reasonably *could* indicate hostility by the witness to the inquiring side, or at least a bias for, or an interest in, a favorable outcome for the side calling him. * * *
* * *

We may be crossing a threshold, but it seems to us that when one is asked to be interviewed on what his testimony will be, he declines at the risk that he may be asked later on at trial about such fact and his reasons therefor." (48 Ill. App. 3d 972, 977-78.)

This court embraced the *VanZile* approach in *People v. Smith* (1977), 52 Ill. App. 3d 583. While the *VanZile* reasoning necessarily reduces the traditional discretion of a trial court regarding the breath of cross-examination (see *People v. Peter* (1973), 55 Ill. 2d 443, *cert. denied* (1974), 417 U.S. 920, 41 L. Ed. 2d 225, 94 S. Ct. 2627), the *Timmons* decision insightfully notes that this reduction is consistent with the trend toward more open criminal discovery. 114 Ill. App. 3d 861, 869.

It does not necessarily follow from the prior discussion however, that the trial judge committed reversible error in limiting defense counsel's cross-examination of Karen Moravek. Absent a showing that the cross-examination was a material factor resulting in substantial prejudice to the defendant's right to a fair trial, the trial judge's error is harmless. (*People v. Peter* (1973), 55 Ill. 2d 443, 451-52, *cert. denied* (1974), 417 U.S. 920, 41 L. Ed. 2d 225, 95 S. Ct. 2627; *People v. Olmos* (1978), 67 Ill. App. 3d 281, 292-93.) The two cases defendant

cites which purportedly address the present issue are unpersuasive. In *People v. Foley* (1982), 109 Ill. App. 3d 1010, the controverted cross-examination involved inquiry into an accomplice's present parole status. The case does not speak to the issue of a witness' failure to speak with defense counsel prior to trial. In *People v. Stout* (1982), 110 Ill. App. 3d 830, the trial court refused to allow defendant's counsel to cross-examine the State's witness, who was an accomplice to the crime, regarding that witness' expectations of leniency in another prosecution in exchange for his testimony.

While the rulings in both *Stout* and *Foley* were matters of reversible error, the facts of the instant case are easily distinguishable. Karen Moravek was a victim of an extremely violent sex crime; consequently, unlike the situation of the witnesses in *Foley* or *Stout*, any hostility or bias would be self-evident to any jury. Express inquiry into Moravek's refusal to talk with defense counsel would hardly alter the jury's perception of her interest in the litigation or her general credibility. (See *People v. Eddington* (1979), 77 Ill. 2d 41.) The trial court's decision to limit cross-examination of the prosecutrix did not interfere with defendant's right to a fair trial and thus does not rise to the level of reversible error. *People v. Martin* (1978), 59 Ill. App. 3d 785; see *People v. Wilkerson* (1981), 87 Ill. 2d 151, 157.

■ The defendant's third contention on this appeal is that the trial court erred in allowing the complaining witness and her boyfriend to testify as to her statements of prior identification. Urging that these conversations between Moravek and both her boyfriend and her mother constituted impermissible hearsay, defendant determinedly attempts to refute the propriety of the court's actions in allowing this testimony. Defendant's initial challenge focuses on two exceptions to the hearsay rule—prompt complaint in rape cases and spontaneous declarations—which he contends were inapplicable to the witness' statements.

While defendant extensively argues the evidentiary rule of hearsay, it is unnecessary to address his contentions since the witnesses' statements in the present case were not within the purview of the hearsay exclusion. The Illinois Supreme Court clearly enunciated our State's position on the issue in chief in the case of *People v. Rogers* (1980), 81 Ill. 2d 571. In substance, the court decreed that evidence of out-of-court identifications by an identifying witness, and any third person who saw or heard the identification, is admissible for the purpose of corroborating an in-court identification. Such corroboration is justified to rebut the notion that "by the time of trial the witness' mind has become so conditioned that there is little likelihood that he

would not identify the person in court." (81 Ill. 2d 571, 578.) Thus, where the identifying witness herself is testifying, she may in fact be repeating an out-of-court assertion for the truth of the matter asserted, yet the opportunity for cross-examination is present and therefore the rationale for hearsay exclusion is absent. (81 Ill. 2d 571, 577; see also *People v. Carpenter* (1963), 28 Ill. 2d 116.) In very plain terms the court summarized the state of law in Illinois:

> "To resolve the uncertainty as to the law in this State concerning evidence of out-of-court identification, we set forth herein the rules that should govern the admissibility of such evidence. If a third person were to testify that he saw or heard A identify B as the person who committed the offense, that would obviously and clearly be hearsay testimony and would not be admissible. However, if A testifies that he previously identified B and his veracity is tested by cross-examination, the reason for excluding the third person's testimony has been removed. The third person should then be permitted to testify that he heard or saw A identify B because both A and the third person would be subject to cross-examination concerning the out-of-court identification. Evidence of such out-of-court identification by both A and the third person should be admissible but should be used only in corroboration of in-court identifications and not as substantive evidence. Before the third person is permitted to testify as to A's identification of B, A should first testify as to his out-of-court identification." (81 Ill. 2d 571, 579.)

The *Rogers* decision is dispositive of defendant's initial contentions that Moravek's conversation with her mother and with Hunter were inadmissible hearsay. (See *People v. Williams* (1981), 96 Ill. App. 3d 958; *People v. Miller* (1981), 101 Ill. App. 3d 1029.) Moravek's statements to Hunter were introduced, and served, primarily as corroborative identification of her in-court identification of the defendant. Since both she and Hunter were available at trial for cross-examination, the rule of *Rogers* governs the disposition of the present issue. This conclusion obviates the need for discussing defendant's contention, and the State's rebuttal, regarding treatment of the statements in question as spontaneous utterance exceptions to the hearsay rule.

■ In the alternative, defendant maintains that even if the conversations in issue were not inadmissible hearsay, they are still inadmissible as prior consistent statements. (*People v. Fuelner* (1982), 104 Ill. App. 3d 340; *People v. DePoy* (1968), 40 Ill. 2d 433; *People v. Hahn* (1976), 39 Ill. App. 3d 969.) Again, however, defendant misconstrues the state of law in Illinois regarding the admission of prior

identification evidence. It is true that a prior consistent statement is admissible only to refute an inference of motive to testify falsely or to rebut a showing of recent fabrication (*People v. Clark* (1972), 52 Ill. 2d 374); nonetheless this rule is inapplicable to identification testimony. (See *People v. Andino* (1981), 99 Ill. App. 3d 952, 956-57; *People v. Rogers* (1980), 81 Ill. 2d 571.) Evidence of Moravek's prior identification of defendant was not barred by the hearsay rule, and the prior consistent statement rule is not applicable.

■ The last issue raised by defendant is whether the prosecutor's comments during closing arguments, which referred to the absence of a subpoenaed alibi witness, constituted reversible error. In his rebuttal argument, the assistant State's Attorney stated, "Now I don't know why Mr. Tredwell [witness] isn't here. Is he afraid to take the stand? Is he afraid to tell the truth? Will the truth hurt the defendant? I don't know. He's not here. I never got to talk to him. I don't know. Keep that in consideration." Defendant does not dispute that he failed to object to the allegedly improper comments but requests that this court review the matter under the doctrine of plain error. 87 Ill. 2d R. 615(a); *People v. Scaggs* (1982), 111 Ill. App. 3d 633; *People v. Popely* (1976), 36 Ill. App. 3d 828.

The parties do not disagree that while it is ordinarily error for a prosecutor to comment upon absent witnesses when such witnesses are equally accessible to the State, an exception exists where an alibi witness is injected into a case by a defendant; in such case, the defendant's failure to call that witness is an appropriate matter for comment by the State. (*People v. Gaines* (1982), 104 Ill. App. 3d 974, 977; *People v. Blakes* (1976), 63 Ill. 2d 354, 358-60.) However, defendant thereafter departs from concurrence with the State and relying upon *People v. Smith* (1969), 105 Ill. App. 2d 8, contends that an "exception to the exception" exists prohibiting comment on an absent alibi witness when the defendant subpoenaed the delinquent witness. We find that *People v. Smith* did not recognize any such "exception to the exception," but held that while it was proper for the State to comment upon the absence of alibi witnesses, the prosecutor's remarks in that case went far beyond mere comment and constituted error that deprived defendant of a fair trial. 105 Ill. App. 2d 8, 12.

The real issue, therefore, is whether the prosecutor's remarks in this matter exceeded the bounds of any permissible comment and constituted plain error. Here, the prosecutor's remarks were primarily in the form of rhetorical questions and were in response to the comments defense counsel made in his closing argument. A defendant cannot ordinarily claim error where the prosecutor's remarks are in

reply to, and may be said to have been invited by, defense counsel's argument. *People v. Miller* (1983), 115 Ill. App. 3d 592, 602; *People v. Dixon* (1982), 91 Ill. 2d 346, 350-51; *People v. Vriner* (1978), 74 Ill. 2d 329, 344, *cert. denied* (1979), 442 U.S. 929, 61 L. Ed. 2d 296, 99 S. Ct. 2858.

In his closing argument, defense counsel stated to the jury:

"Rick Tredwell, no show. I'm sorry he wasn't here. You're entitled to ask that question. That's one I think we gave you a very good answer for. He was served with a subpoena. That is an order from the Court to be here. I can't help it if he's willing to violate that court order to get to New Jersey for a job interview. We brought you the people we could. We didn't have to bring you anyone."

The only evidence before the jury on this subject matter was the testimony of defendant's investigator that he had served Tredwell with a subpoena the day before the trial and the testimony of the defendant's sister that Tredwell had left for New Jersey on the morning of the trial. There was no testimony that Tredwell had left to attend a job interview in New Jersey as alleged by defense counsel in his closing argument; nor was there any other evidence introduced as to why Tredwell had left for New Jersey on the morning of trial.

■ While it is true that the permissible comment by a prosecutor on an absent alibi witness cannot include misleading, unfair, or unduly prejudicial content (see *People v. McShan* (1975), 32 Ill. App. 3d 1068, 1073; *People v. Stephens* (1974), 18 Ill. App. 3d 971, 979; *People v. Smith* (1969), 105 Ill. App. 2d 8, 10-11), we conclude, in view of the evidence in this case and in light of the defense attorney's closing argument, the prosecutor's comments were invited by, and in proper rebuttal to, defense counsel's remarks. See *People v. Miller* (1983), 115 Ill. App. 3d 592, 602; *People v. Dixon* (1982), 91 Ill. 2d 346, 350-51; *People v. Vriner* (1978), 74 Ill. 2d 329, 344, *cert. denied* (1979), 442 U.S. 929, 61 L. Ed. 2d 296, 99 S. Ct. 2858.

Assuming *arguendo* that the prosecutor's remarks went beyond the limits of propriety, under the total circumstances shown by the record in this case, they did not rise to the level of plain error.

The judgment of conviction and sentence of the trial court is affirmed.

Affirmed.

LINDBERG and HOPF, JJ., concur.