THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRIAN TRIMBLE, Defendant-Appellant.

First District (3rd Division)   No. 83—974

Opinion filed February 27, 1985.

James J. Doherty, Public Defender, of Chicago (Clyde Lemons, Jr., Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Cuomo, and Mary Ann Sullivan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Following a jury trial, defendant Brian Trimble was convicted of murder, attempted murder, armed violence and aggravated battery. The court entered judgments on the murder and attempted murder convictions. Defendant was sentenced to the Illinois Department of Corrections for an extended term of 65 years for murder and for a

term of 30 years for attempted murder, the sentences to run concurrently.

Pertinent trial testimony was as follows. Late on the evening of July 3, 1982, defendant sat with two other men in a station wagon. The car was parked across the street from a pool hall located on 47th Street in Chicago. Defendant was carrying a gun he had picked up earlier that evening at the home of one of his companions. Victims Lamar Celestine (Celestine) and Edwin Jenkins (Jenkins) walked past the pool hall and stopped to look inside. Defendant had known Celestine for approximately 15 years and had previously loaned him a sawed-off shotgun. A few days prior to July 3, 1982, defendant asked for the gun back but Celestine told him that it had been stolen from his house. Defendant called the two victims over to the car. He asked Celestine to get into the car, suggesting that they go shoot some dice. Jenkins, whom defendant did not know, asked if he could accompany the men and was told that he could. The car turned onto Champlain Street and into a dark alley. Defendant got out of the car.

There is a dispute as to what happened next. Celestine testified that Jenkins got out of the car and was shot in the back as he ran away. Defendant then looked into the car and shot Celestine in the thigh. As Celestine stumbled from the car and tried to run away, defendant shot him in the back and in the arm. Celestine remembered nothing further until he woke up in the hospital.

Defendant and the driver of the car both testified that Celestine got out of the car and that defendant again asked for the return of the shotgun. Celestine replied, "I'm going to give it to you just like you asked for it," and put his hand into his jacket. Defendant then fired at Celestine and wounded him. Jenkins began to get out of the car, saying he had nothing to do with the missing gun. Defendant testified that he shot Jenkins because he thought Jenkins was reaching for a gun.

After the shootings, defendant got back in the car and said, "Let's go," and they drove away. Celestine identified him from photographs he was shown at the hospital and defendant was arrested on July 4, 1982. It was stipulated by the parties that Dr. Mitra Kalelkar of the Cook County medical examiner's office if called to testify would state that Jenkins was killed by a single gunshot wound that entered his back and exited the left chest wall. The jury found defendant guilty of murder, armed violence, attempted murder and aggravated battery. Defendant appeals.

Defendant first contends (1) that there was no basis for imposing an extended-term sentence for murder; (2) that the 30-year extended-

term sentence for attempted murder was improper; (3) that the court's refusal to admit into evidence the victim's prior conviction to show his violent character denied defendant an essential part of his defense; and (4) that the prosecutor's remarks during closing argument were inflammatory and constituted reversible error.

■ Defendant argues that his sentence for 65 years for Jenkins' murder was improper because the court found no aggravating factors to warrant the imposition of an extended-term sentence. Section 5—5—3.2(b)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(2)) provides that the court may impose an extended-term sentence for exceptionally brutal or heinous behavior indicative of wanton cruelty. Defendant argues, however, that there was no brutality or heinousness in Jenkins' murder beyond that inherent in any murder.

A trial court's decision regarding sentencing will not be overturned on appeal absent an abuse of discretion. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344; *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) In evaluating the brutality and heinousness of an offense, the trial court must analyze the entire spectrum of facts surrounding the incident. (*People v. Rivera* (1984), 126 Ill. App. 3d 197, 466 N.E.2d 1144; *People v. Devine* (1981), 98 Ill. App. 3d 914, 424 N.E.2d 823, *cert. denied* (1982), 458 U.S. 1109, 73 L. Ed. 2d 1371, 102 S. Ct. 3490.) This court has previously noted that the degree of brutality or heinousness must be exceptional to justify the imposition of an extended-term sentence. *People v. Fieberg* (1982), 108 Ill. App. 3d 665, 439 N.E.2d 543.

In *People v. La Pointe*, our supreme court discussed the meanings of brutality and heinousness: " 'Heinous' is defined by Webster's Third New International Dictionary (unabridged) as 'hatefully or shockingly evil: grossly bad: enormously and flagrantly criminal'; 'brutal' includes 'grossly ruthless,' 'devoid of mercy or compassion: cruel and cold-blooded.' " (*People v. La Pointe* (1981), 88 Ill. 2d 482, 501, 431 N.E.2d 344, 353.) At the sentencing hearing in the instant case, the court emphasized that defendant did not know Jenkins but did know he was not involved with the missing shotgun. Nonetheless, defendant shot Jenkins in the back as he ran away. The court found that the cold, calculated manner in which the murder had been carried out demonstrated a complete cruelty.

The record indicates that the court carefully analyzed defendant's behavior and found it to be brutal. The imposition of an extended-term sentence for Jenkins' murder was not an abuse of discretion.

Defendant also contends that the extended-term sentence for 30 years for attempted murder was improper. Based on his reading of the record, defendant argues that the court imposed a second extended-term sentence which must be vacated because a defendant can receive an extended-term sentence only for the most serious offense for which he is convicted. The statutory sentence for attempted murder is not less than six years and not more than 30 years. (Ill. Rev. Stat. 1981, ch. 38, pars. 8—4(c)(1), 1005—8—1(a)(3).) There is nothing in the record to indicate that the court imposed anything more than the statutory maximum for this offense. Therefore, we find it unnecessary to address this argument.

■ Defendant next argues that the trial court erred by refusing to allow into evidence one of Celestine's prior convictions to show his violent character. Defendant attempted to prove Celestine's character for violence by introducing his 1981 conviction for unlawful use of a weapon. Our supreme court recently held that where the theory of self-defense is raised, the victim's aggressive and violent character is relevant to show who was the first aggressor and defendant may show it by any appropriate evidence. (*People v. Lynch* (1984), 104 Ill. 2d 194, 470 N.E.2d 1018.) The court found that a victim's prior convictions for crimes of violence were reliable evidence of a violent character. The court noted that although such evidence is ordinarily inadmissible because of the risk of prejudice to the defendant, where a victim's propensity for violence is in issue, the danger of prejudice to defendant lies in refusing to admit the evidence. In *Lynch*, defendant attempted to introduce the victim's three prior convictions for battery. The supreme court stated that battery is *prima facie* probative enough of aggressive and violent tendencies to be admissible. 104 Ill. 2d 194, 203, 470 N.E.2d 1018, 1021.

The State argues that *Lynch* is distinguishable from the instant case. The offense of unlawful use of a weapon prohibits a large number of acts, most of which are nonviolent: possessing, carrying, purchasing, selling or manufacturing certain kinds of weapons. (Ill. Rev. Stat. 1981, ch. 38, par. 24—1.) The State further argues that Celestine's character for violence and aggression was proved by other evidence. His 1976 conviction for armed robbery was admitted, and defendant testified as to Celestine's reputation for violence. We agree with the State that there was admitted sufficient appropriate evidence of Celestine's violent and aggressive character. A conviction for unlawful use of a weapon is not particularly probative of a violent character. The exclusion of Celestine's prior conviction was not error.

■ Defendant's final contention is that certain of the prosecu-

tor's remarks during rebuttal argument were inflammatory and constituted reversible error. Improper remarks during closing argument are reversible error where they result in substantial prejudice to the defendant or where they serve no purpose but to inflame the jury. (*People v. Terry* (1984), 99 Ill. 2d 508, 460 N.E.2d 746.) Where, however, defense counsel provokes the allegedly improper comments by his own improper closing argument, he cannot claim error. (*People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671, *cert. denied* (1979), 442 U.S. 929, 61 L. Ed. 2d 296, 99 S. Ct. 2858; *People v. Wilson* (1984), 123 Ill. App. 3d 798, 463 N.E.2d 890; *People v. Brown* (1984), 122 Ill. App. 3d 452, 461 N.E.2d 71.) We find from an examination of the record that the complained-of remarks were responses to arguments made by defense counsel.

Additionally, the trial court is in a better position than a reviewing court to determine the prejudicial effect, if any, of remarks made during arguments. Unless there is an abuse of discretion, its ruling should be upheld. (*People v. Smothers* (1973), 55 Ill. 2d 172, 302 N.E.2d 324; *People v. Pittman* (1984), 126 Ill. App. 3d 586, 467 N.E.2d 918.) After overruling defendant's objection, the court cautioned the jury that they were to decide the case on the evidence and the law and not on sympathy or prejudice. It further admonished the jury not to put themselves in the position of either the defendant or the victims. Additionally, the court instructed the jury to disregard the attorneys' remarks, directed it to consider only the evidence presented and advised that closing arguments are not evidence. (Illinois Pattern Jury Instructions, Criminal, Nos. 1.01 and 1.03 (2d ed. 1981).) Such instructions have been held to cure prejudice resulting from improper remarks during closing argument. *People v. Johnson* (1984), 122 Ill. App. 3d 532, 461 N.E.2d 585; *People v. Mahon* (1979), 77 Ill. App. 3d 413, 395 N.E.2d 950; *People v. Olejniczak* (1979), 73 Ill. App. 3d 112, 390 N.E.2d 1339.

We find that the prosecutor's remarks during rebuttal argument did not constitute reversible error.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.