THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARCUS BROOKS, Defendant-Appellant.

First District (4th Division)   No. 1—97—0825

Opinion filed June 18, 1998.—Rehearing denied July 29, 1998.

Rita A. Fry, Public Defender, of Chicago (Bruce C. Landrum, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Marie Quinlivan Czech, and Michael Cho, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WOLFSON delivered the opinion of the court:

Following a 1992 jury trial Marcus Brooks (Brooks) was convicted of first degree murder and armed robbery and was sentenced to 50 years' imprisonment. Brooks appealed, and we reversed and remanded for a new trial. See *People v. Brooks*, 277 Ill. App. 3d 392, 660 N.E.2d 270 (1996). On February 13, 1997, Brooks again was convicted of first degree murder and armed robbery and again was sentenced to 50 years' imprisonment. He appeals. We affirm.

Our opinion in Brooks' first appeal summarized the background facts of this case. We will present facts here where relevant to the issues in his second appeal.

Brooks raises four issues: (1) the trial court erred in allowing the prosecution to present hearsay evidence regarding Detective James

Oliver's investigatory steps; (2) the trial court erred in allowing the prosecution to present evidence the police "hunted" Brooks for a week after the shooting; (3) the prosecution made prejudicial comments during closing argument; and (4) the trial court abused its sentencing discretion.

■ Brooks filed a posttrial motion alleging a wide variety of putative trial errors, but he did not raise the first and second issues in his posttrial motion. Illinois courts have consistently held if a defendant fails to raise an issue in a posttrial motion, the defendant waives such an issue on appeal, in the absence of plain error. *People v. Enoch*, 122 Ill. 2d 176, 187, 522 N.E.2d 176 (1988); see also 725 ILCS 5/116—1(c) (West 1992) ("[A] motion for a new trial shall specify the grounds therefor"). Thus, Brooks waived these issues. Because the State's evidence was strong, we decline to inspect the record for plain error.

Additionally, on its merits, Brooks' first contention would fail.

■ Hearsay is an out-of-court statement offered to establish the truth of the matter asserted; hearsay generally is inadmissible at trial. *People v. Rogers*, 81 Ill. 2d 571, 577, 411 N.E.2d 223 (1980). However, when an out-of-court statement is offered into evidence for a purpose other than to prove the truth of the matter asserted, the statement is not hearsay. *People v. Simms*, 143 Ill. 2d 154, 173, 572 N.E.2d 947 (1991). "[A] hearsay statement is allowed where it is offered for the limited purpose of showing the course of a police investigation where such testimony is necessary to fully explain the State's case to the trier of fact ***." *People v. Williams*, 181 Ill. 2d 297, 313, 692 N.E.2d 1109 (1998); *People v. Gacho*, 122 Ill. 2d 221, 248, 522 N.E.2d 1146 (1988); *People v. Jordan*, 282 Ill. App. 3d 301, 305-06, 668 N.E.2d 90 (1996).

■ A police officer may testify to his investigatory procedures, including the existence of conversations, without violating the hearsay rule. *People v. Jones*, 153 Ill. 2d 155, 159-60, 606 N.E.2d 1145 (1992). Such testimony may not gratuitously reveal the substance of the conversations. *People v. Henderson*, 142 Ill. 2d 258, 304, 568 N.E.2d 1234 (1990).

■ Brooks contends Oliver's testimony violated the hearsay rule. Oliver testified he spoke with Officer Troy Williams and received a physical description (African-American male, 5 feet 7 inches, 180 pounds) and nickname ("Shaun" or "Sean") of one possible suspect. Oliver testified he used this information to search his files, eventually obtaining Brooks' name and address.

Arguably, this testimony did gratuitously reveal the substance of the conversation between Oliver and Williams, but its primary purpose was to recount Oliver's investigatory procedure. Williams did not at-

tach the physical description and nickname to Brooks, much less identify him as a suspect. Oliver's subsequent investigation revealed Brooks' name. And Oliver had to discover Brooks' name somehow: "Any chronological retelling of the events is going to have to include the point in time when the defendant became a suspect." *Jones*, 153 Ill. 2d at 161. Oliver's testimony was not inadmissible hearsay.

■ Brooks misrepresents the record in his second contention. The prosecution did not offer evidence the police "hunted" Brooks for a week after the shooting. In fact, no prosecution witness used the word "hunted." Rather, the police officers who testified merely outlined their investigative steps which led to Brooks.

Brooks contends this evidence of a lengthy investigation led to a prejudicial inference that Brooks avoided arrest. A week-long murder investigation, however, is not particularly lengthy. Additionally, such an inference is not improper, especially where Brooks testified he was aware he was a murder suspect but did not go to the police: "I don't just return to accusations like that. Now, they say—police say something or just an accusation I don't just do things like that." See *People v. Wilson*, 87 Ill. App. 3d 693, 699, 409 N.E.2d 344 (1980).

■ Brooks' posttrial motion did allege, "The assistant state's attorneys made prejudicial, inflammatory and erroneous statements in both opening and closing argument that were designed to arouse the prejudice and passions of the jury ***." Brooks' posttrial motion specified several comments as prejudicial, but none of these comments match those he challenges here. Thus, he waived this issue. See *People v. Forbes*, 205 Ill. App. 3d 851, 863, 563 N.E.2d 860 (1990) (a generalized allegation of prejudice from the prosecution's closing arguments will not preserve specific comments for review).

Additionally, on its merits, Brooks' third contention would fail.

Brooks contends the prosecution made prejudicial comments during its closing argument when it said his alibi witness, Trina Davis, did not testify. Brooks relied on his alibi defense and testified he was with Davis on the night of the crimes. However, Davis did not testify at trial. "[W]here a defendant injects into the case the name of an alibi witness and then fails to call the witness, the prosecutor may legitimately comment on the lack of such evidence ***." *People v. Kubat*, 94 Ill. 2d 437, 498, 447 N.E.2d 247 (1983); see *People v. Colts*, 269 Ill. App. 3d 679, 695-96, 645 N.E.2d 225 (1993); *People v. Pressley*, 160 Ill. App. 3d 858, 865-66, 513 N.E.2d 921 (1987). The prosecution's comments on Davis' unexplained absence were not improper.

We note the trial court sustained an objection to this comment. Taken together with the court's admonishment that jurors should disregard any comments to which it sustained an objection, the court's

ruling alleviated any possible unfair prejudice this comment may have caused. See *People v. Harris*, 129 Ill. 2d 123, 160-61, 544 N.E.2d 357 (1989).

In its closing, the prosecution also said:

> "People say why doesn't someone do something about *** crime.
>
> I submit to you, ladies and gentlemen, that today you are that someone. You can do something about the crime that riddles our community. You can do it by returning a verdict of guilty—guilty of murder and guilty of armed robbery."

Brooks contends this comment also was unfairly prejudicial. We disagree. Virtually the same argument was made in *Harris*, 129 Ill. 2d 123, 544 N.E.2d 357. The court found no error: "It is entirely proper for the prosecutor to dwell on the evil results of crime and to urge the fearless administration of the law." *Harris*, 129 Ill. 2d at 159.

■ Finally, Brooks did not challenge his sentence in a posttrial motion. "A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing *shall* be made by a written motion filed within 30 days following the imposition of sentence." (Emphasis added.) 730 ILCS 5/5—8—1(c) (West 1996). A defendant must raise sentencing issues before the trial court in order to preserve such issues on appeal. *People v. Reed*, 177 Ill. 2d 389, 686 N.E.2d 584 (1997). Thus, Brooks waived this issue.

Even if Brooks had not waived this issue, the trial court's sentencing decision is entitled to great deference on appeal. *People v. Perruquet*, 68 Ill. 2d 149, 368 N.E.2d 882 (1977). "A trial judge is in a far better position than an appellate court to fashion an appropriate sentence, because such judge can make a reasoned judgment based upon firsthand consideration of [the evidence] ***; whereas the appellate court has to rely entirely on the record." *People v. Streit*, 142 Ill. 2d 13, 19, 566 N.E.2d 1351 (1991). This court will not disturb a sentence that falls within the statutory limits unless it is an abuse of the trial court's discretion, even if this court would have weighed the evidence differently. *Streit*, 142 Ill. 2d at 19.

This sentence falls within the statutory limits of 20 to 60 years for first degree murder. See 730 ILCS 5/5—8—1(a)(1) (West 1992). The trial court did not abuse its sentencing discretion. See *People v. Montanez*, 281 Ill. App. 3d 558, 567, 667 N.E.2d 548 (1996).

Affirmed.

CERDA, P.J., and SOUTH, J., concur.