# The People of the State of Illinois, Plaintiffs-Appellees, v. Chester T. Morgan, Defendant-Appellant.

## Gen. No. M–10,582.

Fourth District.

February 8, 1965.

Unger & Litak, of Danville (John Unger, of counsel), for appellant.

John R. Dean, State's Attorney, of Danville, for appellee.

TRAPP, J.

This appeal follows a sentence imposed under the following circumstances:

The offense for which defendant was indicted and sentenced occurred on November 14, 1963. Prior to that time defendant had been placed on probation by orders of the then County Court entered in two cases. Prior to January 1, 1964, defendant was charged with violation of the orders of probation, and on January 14, 1964, evidence of the offenses of November 14, 1963, was heard in support of such charges. Following the Court's finding of violation of probation, defendant was fined two hundred

($200) dollars, and the probation continued for the full term. The matters with regard to the violation of probation are not set out in the record except as they appear in motions filed by the defendant. On January 17, 1964, defendant was indicted for the offense occurring on November 14, 1963. It is contended that such procedure violates Article 3, Sections 3 and 4 of the Criminal Code (Ill Rev Stats 1961, c 38, §§ 3-3 and 3-4), and that the defendant had been placed in double jeopardy under the Federal and State Constitutions for the reason that the State's Attorney failed to join in one prosecution the charge of violation of probation and the indictment which is in issue in this case.

We believe that the defendant's contentions cannot be accepted for several reasons. His argument makes reference to the intention of the committee which drafted the Criminal Code as to the scope and meaning of the language of Article 3, Section 3, adopted in 1961, as set out in the comment published with the Code. The Code of Criminal Procedure, adopted in 1963, provides the procedure and the penalty with regard to the violation of probation. (Ill Rev Stats 1963, c 38, § 117-3.)

It is noted that the committee drafting the Code of Criminal Procedure was composed of the same personnel as that drafting the Criminal Code of 1961. In discussing the proposed limitation upon the sentence to be imposed for minor violations of probation, the Court said:

"If the violation consists of another crime, then he should be tried for such crime and punished accordingly, in addition to the five years for violating his probation. But the Committee felt that if he was truly worthy of probation on the origi-

159

nal offense, and he should only get it if he is, then a minor violation of probation is not worth more than five years. If it is a major violation constituting a new crime, then give him a trial and appropriate punishment for it."

■ It seems apparent that in terms of the intent of the language of the legislation, the violation of probation is not an offense which must be joined in a single prosecution contemplated in the language of Article 3, Section 3 of the Criminal Code. That provision requires the charging of all offenses arising from the specific acts or conduct of the defendant occurring at a specified place and time and has been described as "compulsory joinder." The single prosecution of the several offenses contemplated by Article 3, Section 3(b), is the bringing of the accused under the jurisdiction of the court for the purpose of determining guilt or innocence and the defendant is entitled to a jury trial and he must be proven guilty beyond a reasonable doubt upon such issues.

■ ■ On the contrary, where the defendant is charged with violation of probation he is within the jurisdiction of the Court, he has been convicted or has pleaded guilty to the offense with which charged, and in determining whether or not the probation has been violated, he is not entitled to trial by jury nor must he be proven guilty beyond a reasonable doubt. People v. Price, 24 Ill App2d 364 at page 373, 164 NE2d 528.

■ ■ Article 117, Section 3 of the Code of Criminal Procedure (Ill Rev Stats 1963, c 38, § 117–3) creates a mandatory, statutory condition to probation that the individual shall not violate any penal statute or ordinance of any jurisdiction. When such person is found guilty of violating this condition of probation he becomes subject to imprisonment or other pun-

ishment for the offense of which he has previously been found guilty. Invoking punishment for violation of probation does not, in any sense, undertake to punish for the offenses committed subsequent to the granting of probation. Granting probation only defers the imposition of sentence as to the matter wherein probation was granted. People v. Koning, 18 Ill App2d 119, 151 NE2d 103; People v. Kostaken, 16 Ill App2d 395, 148 NE2d 615.

There is an apparent fallacy in defendant's argument which states that at the hearing on probation, the defendant ". . . was convicted on said charge . . .", referring to the offense for which indicted on January 17, 1964. At the hearing on probation, he was, of course, only found guilty of violation of probation. That hearing did not purport to be either a conviction or acquittal of the offense for which the defendant was indicted on January 17, 1964, within the meaning of Article 3, Section 4 of the Criminal Code (Ill Rev Stats 1961, c 38, § 3-4). As noted, entirely different requirements for conviction control as to the latter offense.

Authority in the case law supports our conclusion. In People v. Kuduk, 320 Ill App 610, 51 NE2d 997, defendant had been acquitted of a manslaughter charge but evidence of such charge was heard in proceedings to revoke probation. It was held that defendant was not made subject to double jeopardy as there was no abuse of the court's discretion since the standards of proof differed in the separate proceedings for revocation of probation as distinguished from trial upon the criminal charge. See also People v. Koning, 18 Ill App2d 119, 151 NE2d 103.

In People v. Kostaken, 16 Ill App2d 395, 148 NE2d 615, defendant had been granted probation but he was charged with violation thereof. Subsequently, defendant was indicted upon a charge of robbery.

The Court refused a demand for trial upon the indictment and entered an order revoking probation upon evidence concerning the alleged robbery. Following the revocation, the indictment for robbery was dismissed. Upon appeal from the order revoking probation, defendant claimed, amongst other things, that he had been placed in double jeopardy. At page 398, the court carefully pointed out that one who is on probation is not in the same category as one charged by information or indictment:

> ". . . because he is free by clemency of the court which had conditionally postponed his sentence provided he faithfully fulfill the requirements of probation which are imposed by statute. . . . This Court, however, did not attempt to place the probationer in the same position as one accused by indictment even though the condition alleged to have been violated is the commission of another crime."

We do not believe that this opinion is authority to infer that following a hearing in which probation is revoked, trial upon the indictment for the latest offense subjects the defendant to double jeopardy.

Defendant next urges that the court lost jurisdiction to impose sentence upon the defendant under the following circumstances:

Following the indictment on January 17, 1964, defendant appeared with counsel, and on January 22nd, among other matters, moved for dismissal of the indictment. In lieu of bond, he remained in custody. On January 23, 1964, arguments were heard upon the motion to dismiss, and the motion was denied by the Court. Defendant thereupon pleaded not guilty and the cause was set for trial on February 3rd. Defendant was again remanded to custody. On January 27, 1964, defendant appeared with his attorney and moved

to withdraw the plea of not guilty. After the court explained the nature of the charge and admonished the defendant as to the consequences of the plea, defendant proceeded in a plea of guilty to Count 3 of the indictment. The record shows judgment upon the plea and defendant then made application for probation. Upon motion of the State's Attorney, an order of nolle prosequi was entered as to Counts 1 and 2 of the indictment, and defendant was again remanded to custody. Following the report of the Probation officer filed on February 11th, hearing on probation was commenced on February 21st. At this hearing, defendant's attorney immediately advised the court that the defendant had been ordered to report for military service, and to the court's inquiry as to whether defendant would be accepted, counsel replied that he had already been accepted and was ordered to report. Counsel urged that the court give serious consideration to permitting the defendant to be released in time to report on March 18, 1964. The court, after this colloquy, indicated that he might be disposed to continue the matter without date, pending defendant's acceptance, and if accepted for military service, to let the matter stand continued, and defendant's counsel replied, "That's fair enough."

It is to be noted that throughout this hearing, the defendant was present and the Court addressed defendant's counsel, as well as the defendant, in terms of the condition of defendant's acceptance, and several times stated that the defendant must report back to the court when accepted and he must report back to the court if not accepted. To the court's query the defendant replied that he understood the conditions, and to the court's question whether he would voluntarily waive immediate sentence or order on the petition for probation, defendant stated that he would so waive. Defendant was then remanded to the cus-

tody of the Sheriff with the instruction that he should be released on March 16th to report for military service.

On May 5, 1964, evidence was heard by the court that the defendant would not be accepted for military service while he remained under the jurisdiction of the Court. The record discloses that defendant's counsel urged that the indictment be stricken with leave to re-instate so that he could be inducted. The State's Attorney objected because of defendant's conduct as a matter of record, as well as matters not of record which the State's Attorney stated to the Court. After some discussion the cause was continued for further hearing on such evidence.

Under these circumstances defendant contends that the Court lost or relinquished jurisdiction over the defendant, so that it could not thereafter impose the sentence appealed from. Defendant cites as authorities, People ex rel. Smith v. Allen, 155 Ill 61, 39 NE 568, where the defendant pleaded guilty and was released without sentence or recognizance, and sentence was not imposed until three years later, and People v. Barrett, 202 Ill 287, 67 NE 23, a motion for a new trial following conviction was permitted to pend for two and one-half years while defendant was free upon his own recognizance. Again, in People v. Shattuck, 274 Ill 491, 113 NE 921, defendant was convicted and sentenced, but a motion to vacate the sentence remained without ruling for six years.

We note that at the dates of these convictions, Illinois had no statute permitting the trial court to grant probation, although the statute did provide for a system of parole to be administered by the Executive Department of the State. The Supreme Court, in the cited cases, pointed out that in each instance the delay was unexplained. In holding that the trial court lost jurisdiction to impose sentence by reason of such

unexplained delay, the Supreme Court gave as its reason the fact that the trial court had no authority to suspend sentence, or to grant probation or parole. It was the view of the Supreme Court that to permit the trial court to proceed after such unexplained delay would be to permit sentence to be imposed or withheld by the trial judge, or his successor, as a matter of "caprice."

But following the legislation creating authority in the trial court to grant probation, we find that the Supreme Court altered its view. In People v. Penn, 302 Ill 488, 135 NE 92, the defendant's application for probation was not acted upon for several years during which period defendant was at large, all for reasons not clearly apparent. In reply to the defendant's argument that the trial court had lost jurisdiction to impose sentence, the Supreme Court found that the defendant had requested probation, that he made no objection to the delay, and held that he had waived his right to prompt sentence by his conduct, so that he was estopped to deny the jurisdiction of the court, and that the trial court did not lose jurisdiction by reason of the delay.

As an analogy, we find in People v. Ragen, 392 Ill 423, 64 NE2d 872, that a defendant serving his sentence in the penitentiary was granted a writ of error to the United States Supreme Court. A Supreme Court Justice made the writ of error supersedeas and the defendant was released. Ultimately, the writ of error was dismissed, but the defendant did not return to the penitentiary and a period of twelve years elapsed before he was arrested and recommitted. Upon a hearing in habeas corpus, the Supreme Court held that the return of the defendant to prison was lawful as he had initiated the move that produced his release and had acquiesced in the further delay by not surrendering upon his bond. In this appeal from

165

his sentence, the defendant clearly does not come within the reason for the rule that the court loses jurisdiction when there is delay in sentence. The delay obviously was not a matter of the "caprice" of the trial court, and there is no evidence of intent to abandon the prosecution. On the contrary, the defendant was held in jail until a few hours prior to reporting for military service, after the defendant, personally and through counsel, stipulated that immediate sentence, or immediate disposition of the petition for probation was waived. Such stipulation followed the court's statement upon several occasions to counsel and the defendant, that the defendant must report to the court if he was not accepted and that he must report if he was accepted.

It seems that the delay in passing upon the petition for probation until May 5th was occasioned solely by the conduct of the defendant in failing to honor his agreement, and it seems fair to consider that the defendant acquiesced in the delay within the rule of People v. Ragen and People v. Penn, supra.

Again, the defendant did not raise the issue of want of jurisdiction at the time of the hearing on May 5th, but rather submitted himself to the jurisdiction of the court when he urged that the indictment be stricken with leave to reinstate, which, if accepted by the court, would further delay the passing upon the application for probation.

█ The responsibility for the delay so far as the record shows, results entirely from the suggestions of defendant's counsel and the conduct of the defendant himself. To accept defendant's contention that the trial court has lost jurisdiction would mock the conscientious effort of the trial court to give the defendant the benefit of the Probation Act and to protect the interests of the people.

■ ■ Defendant contends that the court could not sentence the defendant at a hearing continued on May 14th, because the court had announced that he was granting probation. As this opinion is overly long, it suffices to say that the court retains jurisdiction to alter or correct a sentence until such time as the order of the court has been executed. The court, in speaking of probation, was interrupted by defendant's counsel who stated that the probation period should not exceed the term of punishment for misdemeanor. The court thereupon proceeded with the sentence which is the subject of this appeal.

Defendant further contends that there was no hearing in aggravation or mitigation. The record discloses hearing on May 5th and May 14th. On the latter date evidence was heard as presented by the State's Attorney, and the defendant conducted such examination as he wished. The record discloses no request for further opportunity to put in evidence, and while the hearings may not have been formerly designated as in aggravation or mitigation, the Court seems to have heard all evidence that any party wished to present.

The judgment of the Trial Court is affirmed.

Affirmed.

SMITH, P. J. and CRAVEN, J., concur.