THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AZIZ GILMORE, Defendant-Appellant.

(No. 55740; )

First District—June 21, 1971.

Gerald W. Getty, Public Defender, of Chicago, (John E. Hughes, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LYONS delivered the opinion of the court:

The defendant, Aziz Gilmore, has appealed from the sentence given him after his violation of probation.

On November 30, 1964, the defendant entered a plea of guilty to a charge of robbery. After his hearing in mitigation and aggravation, which established that he had been put on supervision by Boys' Court in February 1964 because of an apparently minor offense, defendant was placed on five years probation.

On March 23, 1965, a warrant for violation of probation was issued because defendant had been convicted of theft on January 13, 1965, and had been sentenced to serve six months in the House of Correction. As a result of this violation of probation, the terms of probation were modified to require defendant to serve the first year of probation in the House of Correction.

On February 21, 1969, a second warrant for violation of probation was issued because defendant was scheduled to appear in criminal court on February 26, 1969, to answer charges of burglary and bail jumping. On May 22, 1969, defendant was convicted of burglary and was sentenced to serve one to three years in the Illinois State Penitentiary. A rule to show cause why probation should not be terminated was then issued and a hearing on this rule to show cause was held on June 16, 1969. After this hearing, defendant's probation was revoked and he was sentenced to serve five to ten years in the Illinois State Penitentiary, said sentence to be concurrent with the one imposed after the burglary conviction on May 22, 1969.

On appeal defendant contends for a reduction of sentence and asserts that the trial court undertook to punish him not only for the

initial offense for which he was granted probation, but also for the offense which constituted his probation violation. If this assertion be true, then it must follow that the sentence imposed was indeed excessive and must be modified. Invoking punishment for violation of probation does not, in any sense, undertake to punish for the offense committed subsequent to the granting of probation. Granting probation only defers the imposition of sentence as to the matter wherein probation was granted. *People v. Morgan* (1965), 55 Ill.App.2d 157, 204 N.E.2d 314.

■■ Our examination of the record in this case indicates that the trial judge was noticeably, though properly, disturbed by the details of the burglary offense committed by defendant in violation of his probation. Immediately prior to sentencing defendant, the trial judge made several specific references to the seriousness of the burglary offense and reiterated several facts of that offense. No mention was made, however, of the robbery conviction for which defendant was originally given probation and for which he was now to be sentenced. We are unable, of course, to precisely determine whether the trial judge looked only to the original offense [robbery] when he imposed sentence or whether he also considered the offense [burglary] subsequently committed in violation of probation. Because there is a strong indication in the record, however, that the trial judge in his zeal to do justice looked beyond the original offense when he imposed sentence, we must resolve the question in defendant's favor. (See *People v. Danno* (1971), 132 Ill.App.2d 558, 270 N.E.2d 42.) In view of all circumstances surrounding defendant's robbery conviction, including the matters presented at the hearing in mitigation and aggravation which followed the conviction, we believe that a sentence of one to three years in the Illinois State Penitentiary would be appropriate here.

Under the view we have taken in this case, we need not consider defendant's contention that no hearing in mitigation and aggravation was held after the revocation of probation. We note only parenthetically, therefore, that defendant informed the court that he had nothing to say before receiving his sentence. See *People v. Barbee* (1971), 133 Ill.App. 2d 322, 273 N.E.2d 238.

For the reasons given, the judgment terminating defendant's probation is affirmed and defendant's sentence is reduced to a minimum of one and a maximum of three years in the Illinois State Penitentiary. As modified the judgment of the Circuit Court is affirmed.

Judgment modified and affirmed.

BURKE, P. J., and GOLDBERG, J., concur.