THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WALTER DAVIS, Defendant-Appellant.

First District (3rd Division) No. 84—1564

Opinion filed November 13, 1985.

James J. Doherty, Public Defender, of Chicago (Emily Eisner, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Peter D. Fischer, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Following a bench trial, defendant, Walter Davis, was found guilty of two counts of aggravated battery (Ill. Rev. Stat. 1983, ch. 38, pars. 12—4(a), 12—4(b)(1)), and he was sentenced to serve two concurrent terms of four years. On appeal, defendant contends that the trial court erred in permitting the prosecution to use the eyewitness' prior identification of defendant at the preliminary hearing as substantive evidence of his guilt after the witness failed to make a positive identification of defendant at trial; that he was not proved guilty beyond a reasonable doubt; and that he was improperly sentenced on two counts of aggravated battery.

The complaining witness, Willie Smith, was shot on January 12, 1984. The following day, while he was in the hospital recovering from his injuries, Smith identified defendant's photograph. Thereafter, at the preliminary hearing, Smith positively identified defendant as his assailant. At trial, however, Smith testified that while defendant might have been the person who had shot him, he was not sure. Over the objection of defense counsel, the trial court permitted the prosecution in questioning Smith to present evidence of his identification testimony at the preliminary hearing, on the basis that the rule prohibiting such evidence had been changed. Defendant now claims that this was error.

In 1971, our supreme court in *People v. Collins* (1971), 49 Ill. 2d 179, 274 N.E.2d 77, held that prior contradictory statements of a witness may be received in evidence only for the purpose of impeaching the credibility of the witness and may not be considered as substantive evidence even where the declarant is available for cross-examination.

In 1980, the court in *People v. Rogers* (1980), 81 Ill. 2d 571, 411 N.E.2d 223, held that "evidence of *** out-of-court identification ***

should be admissible, but should be used only in corroboration of in-court identifications and not as substantive evidence." Subsequently, the legislature, by Public Act 83–367, added section 115–12 to the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 115–12), concerning the substantive admissibility of prior identification. That section provides:

"A statement is not rendered inadmissible by the hearsay rule if (a) the declarant testifies at the trial or hearing, and (b) the declarant is subject to cross-examination concerning the statement, and (c) the statement is one of identification of a person made after perceiving him."

The State argues that on May 22, 1984, when defendant went to trial, this provision was in effect and that it makes clear that prior identification testimony is admissible as substantive evidence. Therefore, the State contends that Smith's preliminary hearing testimony was properly admitted in defendant's trial. We do not agree.

■■ In our view section 115–12 represents a legislative response to *People v. Rogers* and that it enlarges the permitted use of consistent out-of-court statements to include use as substantive evidence in addition to use as corroboration evidence. Section 115–12 did not, however, apply to inconsistent out-of-court statements. They were the subject of Public Act 83–1042, which added section 115–10.1 to the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 115–10.1) concerning the admissibility of prior inconsistent statements. In relevant part that section provides:

"In all criminal cases, evidence of a statement made by a witness is not made inadmissible by the hearsay rule if

(a) the statement is inconsistent with his testimony at the hearing or trial, and

(b) the witness is subject to cross-examination concerning the statement, and

(c) the statement—

(1) was made under oath at a trial, hearing, or other proceeding ***."

There has been scholarly acceptance that these are the respective roles of section 115–12 and section 115–10.1. "Prior to the enactment of section 115–10.1, the use of prior inconsistent statements was limited to impeachment and was severely restricted when the impeachment was sought by the party who had called the witness to the stand." (Steigmann, *Prior Inconsistent Statements as Substantive Evidence in Illinois*, 72 Ill. B.J. 638 (1984).) The facts of the case at bar clearly would fall within the provisions of section 115–10.1 but that enact-

ment, Public Act 83—1042, did not become effective until July 1, 1984, more than a month after defendant's trial and conviction. We find that at the time of trial the admission into evidence of Smith's preliminary hearing testimony identifying defendant as his assailant to be error.

■ The State says the error was harmless. In support of this contention, these uncontroverted facts are called to our attention: (1) Smith, on January 12, 1984, about 11 a.m. was at the entranceway of an apartment building at 6108 South Eberhart Avenue in Chicago; (2) a man on the second-floor balcony at that time shot Smith with a shotgun; (3) defendant resided in a second-floor apartment with a balcony overlooking the place where Smith was shot; (4) after the shooting, police officer Joseph Thompson, responding to a call, came to that address and went to a second-floor apartment where he found defendant and a shotgun "laying in full view right on the bed." At trial Smith testified that defendant could have been the man on the balcony with the shotgun, but he was not sure.

The State argues that this competent evidence "independent of Smith's positive identification testimony does establish defendant's guilt beyond a reasonable doubt." That, however, is not the issue before us. For the determination of whether the erroneous admission of the preliminary hearing testimony was harmless, the test is whether with the erroneously admitted evidence excluded the remaining evidence would lead the finder of fact to no conclusion other than that of defendant's guilt. (*People v. Hannon* (1942), 381 Ill. 206, 44 N.E.2d 923.) That cannot be said in the instant case. The error was not harmless. Davis is entitled to a new trial.

■ Finally, the State argues that "the reversal of defendant's conviction and the ordering of a new trial on the basis of the allegedly improper use of the preliminary hearing testimony would be fruitless because a new trial would clearly result in a conviction where there would be no question that the testimony would be admissible pursuant to section 115—10.1." We reject this argument suggesting that in the interest of judicial economy that we deprive the defendant of the new trial to which he is otherwise entitled.

Reversed and remanded.

McGILLICUDDY and RIZZI, JJ., concur.