THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KENNETH ROBINSON, Defendant-Appellant.

Fourth District   No. 4—87—0087

Opinion filed December 3, 1987.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Following a jury trial, the Macon County circuit court sentenced defendant Kenneth Robinson to a term of 15 years for robbery, that sentence to run concurrently with one imposed for a prior robbery. On appeal, defendant contends (1) the trial court erred in allowing the victim to testify as to her identification of defendant at a prior court proceeding, and (2) the double jeopardy clause requires the 15-year sentence be vacated and the conviction reversed without remand. We affirm.

In March 1986, defendant pleaded guilty to and was convicted of robbery and sentenced to five years' probation and treatment by Treatment Alternatives to Street Crimes (TASC). He was then accused of committing a robbery while on probation. At a hearing on defendant's probation violation, Carol Overlin testified defendant robbed the Ambassador Hotel in Decatur on September 4, 1986. Overlin described the robbery, made an in-court identification of defendant and testified she identified his photograph on two occasions immediately after the incident.

The State recommended defendant be given an extended term of 12 years because of his prior record, the violation of TASC conditions, and the two robberies he was charged with while on probation. The court found defendant had violated his probation and was eligible for an extended term of 7 to 14 years on his original robbery conviction. Defendant was sentenced to the Department of Corrections for 12 years.

Defendant pleaded not guilty to the September 4, 1986, robbery which is the subject of this appeal. At the jury trial on that offense Overlin again testified that while working as a night auditor at the Ambassador Inn, a man, whom she identified in court as defendant, appeared at the front door of the hotel at 2:50 a.m. and stated he wanted to see a friend in room No. 607. Overlin let defendant inside the hotel and informed him that room No. 607 was unoccupied. At

that point, defendant indicated he was armed, he demanded money and Overlin complied. Overlin testified the entire incident lasted about four minutes during which she had a good opportunity to view defendant under good lighting conditions. Overlin said defendant was wearing bright yellow shorts and a shirt with green in it. Overlin gave this description to the police and identified defendant's photograph on two separate occasions within 48 hours of the crime. Overlin further testified, over defense counsel's objection, that she identified the defendant at a prior court proceeding as the man who robbed her.

Police officer George McMinn testified Overlin picked defendant's photo out of a series he showed her on September 4, 1986, after the robbery. Although the photo depicted defendant with a mustache, McMinn said Overlin commented she remembered him as "clean shaven" at the time of the robbery.

Police officer Anderson also testified he spoke with Overlin immediately after the robbery on September 4, 1986. Anderson said Overlin stated the man who robbed her had no facial hair. On September 5, 1986, at 11:15 p.m., Anderson took photographs of four black men in a Decatur apartment. Defendant was one of the men photographed. Subsequently, Anderson obtained three more photographs of black men and showed the seven photographs to Overlin. Overlin identified the photograph of defendant and said he was the man who robbed her. The photograph Overlin identified was admitted into evidence and Anderson testified it depicted defendant with a mustache.

The jury returned a verdict finding defendant guilty of robbery. The court sentenced defendant as a Class X offender to the Department of Corrections for a term of 15 years' imprisonment, the sentence to run concurrently with that imposed on revocation of the defendant's probation for the March 1986 robbery. Defendant appeals the conviction and we affirm.

The court in *People v. Rogers* (1980), 81 Ill. 2d 571, 579, 411 N.E.2d 223, 227, held "[e]vidence of *** out-of-court identification *** should be admissible but should be used only in corroboration of in-court identifications and not as substantive evidence." Subsequently, the legislature added section 115—12 to the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1985, ch. 38, par. 115—12.) That section allows the use of out-of-court identifications as both substantive and corroborative evidence. (*People v. Davis* (1985), 137 Ill. App. 3d 769, 484 N.E.2d 1098.) Section 115—12 provides:

> "Substantive Admissibility Of Prior Identification. A statement is not rendered inadmissible by the hearsay rule if (a) the declarant testifies at the trial or hearing, and (b) the declarant

is subject to cross-examination concerning the statement, and (c) the statement is one of identification of a person made after perceiving him." Ill. Rev. Stat. 1985, ch. 38, par. 115—12.

■■ Defendant first argues Overlin's testimony of her prior in-court identification of defendant is not permitted by section 115—12 and is no more than a prior consistent statement. Since section 115—12 was clearly patterned after Federal Rule of Evidence 801(d)(1)(C) (Fed. R. Evid. 801(d)(1)(C); 28 U.S.C. app. 715 (1982)) (see M. Graham, Cleary and Graham's Handbook of Illinois Evidence §611.16, at 406 (4th ed. 1984)), defendant relies on the reported intentions of the House and Senate committees that considered the Federal rule. Both branches recognized an earlier out-of-court identification is generally more accurate and reliable than a subsequent in-court identification. Out-of-court identifications are especially reliable because they are made relatively soon after the incident, while still fresh in the witness' mind. M. Graham, Handbook of Federal Evidence §801.11, at 725-28 (2d ed. 1986).

Defendant maintains the rationale for the rule does not apply when, as in this case, the identification testimony sought to be admitted is not a prior *out*-of-court identification, but a prior *in*-court identification. "[F]ew types of identification can be as suggestive as that made in open court where the defendant sits at table with counsel." *People v. Arteman* (1986), 150 Ill. App. 3d 750, 754, 502 N.E.2d 85, 88.

However, the State presents a stronger argument. The plain language of section 115—12 does not preclude the admission of a prior identification made in a courtroom setting. The Illinois Supreme Court has acknowledged the admissibility of a *reliable* out-of-court identification, even if made under suggestive conditions. (*People v. Bryant* (1983), 94 Ill. 2d 514, 447 N.E.2d 301.)

> "The relevant factors in evaluating the reliability of such identifications are: (1) the opportunity of the witness to view the defendant at the time of the crime; (2) the witness' degree of attention to the details of the crime and the criminal; (3) the accuracy of the witness' preidentification description of the criminal; (4) the level of certainty demonstrated by the witness in identifying the defendant as the culprit; and (5) the amount of time elapsed between the commission of the crime and the identification [period]." *People v. Walton* (1982), 107 Ill. App. 3d 698, 701, 437 N.E.2d 1273, 1275.

Here, Overlin identified defendant on four separate occasions: from two different photo arrays immediately after the robbery, at a

hearing on defendant's probation violation on a prior robbery, and at trial on the instant hotel robbery. During the robbery, Overlin had a clear view of defendant for about four minutes in the well-lighted hotel lobby. At the initial photo session, Overlin not only adequately described defendant's height, weight and clothing to the police, but she singled out defendant's photograph and stated she was certain it was a photograph of the man who robbed her.

■ Defendant questions the credibility of Overlin's preidentification description of defendant on the ground that while the photograph depicted defendant with a mustache, Overlin described him as clean shaven. It is well settled where the identification of the accused is positive, any discrepancies in the description of the facial characteristics do not render the identification invalid, but are to be considered by the jury when it weighs the evidence. (*People v. Thomas* (1979), 72 Ill. App. 3d 186, 389 N.E.2d 1330; *People v. Coleman* (1984), 128 Ill. App. 3d 538, 470 N.E.2d 1277; *People v. Plantinga* (1985), 132 Ill. App. 3d 512, 477 N.E.2d 1299.) We will not displace the jury's judgment on matters concerning sufficiency of identification evidence. *People v. Johnson* (1986), 114 Ill. 2d 170, 499 N.E.2d 1355.

Although the Federal commentators have failed to address the admissibility of a prior in-court identification in relation to the evidentiary rule in question, existing case law indicates "[a]ny identification subsequent to a reliable out-of-court identification is admissible. *Manson v. Brathwaite* (1977), 432 U.S. 98, 110 n.10, 53 L. Ed. 2d 140, 151 n.10, 97 S. Ct. 2243, 2251 n.10." (*People v. Lee* (1986), 151 Ill. App. 3d 510, 524, 502 N.E.2d 399, 408.) Moreover, a noted work on the Illinois evidentiary rules provides:

"When a witness testifies and is subject to cross-examination, his prior statement identifying a person after perceiving him— usually at a lineup, a one-on-one viewing often called a show-up, in a photograph, *or at a prior hearing*—is admissible ***." (Emphasis added.) M. Graham, Cleary and Graham's Handbook of Illinois Evidence §611.16, at 403 (4th ed. 1984).

■ We think the identification testimony exception to the hearsay rule contained in section 115—12 properly embraces not only prior statements of identification made at a lineup, showup or photo session, but also those made under oath at a hearing, former trial or in the secrecy of a grand jury room. To include prior in-court identifications within the scope of section 115—12 facilitates rather than frustrates the rule's purposes. Not only is the prior courtroom identification made closer in time to the incident than the subsequent in-court identification, but the witness making the identification has already

been once subjected to the test of cross-examination. (See *United States v. De Sisto* (2d Cir. 1964), 329 F.2d 929, *cert. denied* (1964), 377 U.S. 979, 12 L. Ed. 2d 747, 84 S. Ct. 1885.) Any potential abuses will be adequately controlled by the trial judge's ruling or defense counsel's argument.

The appropriate rule is to allow admission of such prior in-court identification testimony with an opportunity for the defendant to show the weight to be given to the testimony should be lessened because "the witness has likely become more conditioned to making an identification." (*Arteman*, 150 Ill. App. 3d at 754, 502 N.E.2d at 88.) Defense counsel, in fact, made that argument here.

■■ ■ Finally, defendant argues he has twice been placed in jeopardy for the robbery of Carol Overlin at the Ambassador Inn Hotel. Before the court imposed an extended sentence for defendant's probation violation on the March 1986 robbery, Overlin testified to the September 4, 1986, robbery for which defendant was indicted while on probation. Defendant maintains the severity of the sentence alone indicates the court sought to punish defendant not only for the March 1986 robbery, but for the September 4, 1986, robbery of Carol Overlin as well. We disagree.

The State may seek both a revocation of defendant's probation and a criminal conviction based on the same conduct without danger of punishing defendant twice for the same offense. (*People v. Morgan* (1965), 55 Ill. App. 2d 157, 204 N.E.2d 314.) In *Morgan*, the court heard evidence of offenses supporting the charge defendant violated his orders of probation. Following a finding of violation, defendant was indicted for such offenses. The court held:

> "At the hearing on probation, [defendant] was, of course, only found guilty of violation of probation. That hearing did not purport to be either a conviction or acquittal of the offense for which the defendant was indicted ***.
>
> * * *
>
> We do not believe *** that following a hearing in which probation is revoked, trial upon the indictment for the latest offense subjects the defendant to double jeopardy." *Morgan*, 55 Ill. App. 2d at 161-62, 204 N.E.2d at 316-17.

It is clear the September 4, 1986, robbery was a factor the court properly considered when it punished defendant for violating his probation. It is also clear the sentence imposed when his probation was revoked was properly based on his prior record and his conduct while on probation. The double jeopardy clause of the fifth amendment was not designed to pardon defendants for crimes they commit while on

probation, merely because evidence of those crimes was presented at the hearing on their probation violation.

For the foregoing reasons, defendant's conviction and sentence are affirmed.

Judgment affirmed.

LUND and SPITZ, JJ., concur.