THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JUAN GONZALEZ, Defendant-Appellant.

Second District    No. 2—96—0204

Opinion filed September 26, 1997.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Richard J. Ringhausen, of Hardin, for the People.

JUSTICE THOMAS delivered the opinion of the court:

A jury convicted defendant, Juan Gonzalez, of residential burglary (720 ILCS 5/19—3(a) (West 1996)). After denying defendant's posttrial motion, the trial court sentenced defendant to nine years' imprisonment. On appeal, defendant argues that we must reverse his conviction because (1) the trial court erred in admitting testimony concerning the sole eyewitness' prior identification of defendant, and (2) the State did not prove defendant's guilt beyond a reasonable doubt. We affirm.

We first address the admissibility of the prior identification. The State called Michelle Marquez as its sole identification witness. Ms. Marquez testified that, on the afternoon of February 6, 1995, she was home watching television. After hearing a loud banging noise outside, she looked out the window but could not identify the source of the noise. A few moments later, after hearing the back gate of her neighbors' fence open and close, she again looked out the window. This time, she saw two men leaving her neighbors' backyard through the gate. Ms. Marquez went to the front window of her house and watched as the two men, who were carrying loaded grocery bags, walked away down the street.

When asked to describe the two men, Ms. Marquez stated that they were both Hispanic with light brown skin, dark brown hair, and dark eyes. One of the men, who was wearing dark pants and a blue windbreaker, carried a pair of gold work gloves in the rear right pocket of his pants. The other man wore blue jeans, a waist-length tweed jacket, and a black and white "beanie." The State's Attorney then asked Ms. Marquez whether she saw either of the two men in the courtroom. Although defendant was seated at the defense table, Ms. Marquez responded, "No." Ms. Marquez explained that, although she is able to identify and describe accurately a person's clothing, she is "not good with faces at all."

Over defense counsel's objection, and notwithstanding Ms. Marquez' inability to identify defendant in open court, the trial court permitted the State then to question Ms. Marquez regarding her prior out-of-court identification of defendant. The trial court ruled that Ms. Marquez' prior identification was an exception to the hearsay rule and therefore admissible as substantive evidence under section 115—12 of the Code of Criminal Procedure of 1963. See 725 ILCS 5/115—12 (West 1996).

Ms. Marquez testified that, as the men continued to walk away, she got into her car and began to follow them. At no time while she was following the men did they dispose of the bags, split up, or join others. After several blocks, the men entered an apartment house. Ms. Marquez returned home and called the police.

The police met Ms. Marquez at her home and drove her to the apartment house. Leaving Ms. Marquez in the backseat of a squad car parked two houses down, the police entered the apartment house and arrested defendant and his brother, Ismael. After bringing defendant and his brother out of the house, the police asked Ms. Marquez whether she saw the two men who had robbed her neighbors. Pointing to the two men who the police had brought out of the house, Ms. Marquez responded, "Yes." Ms. Marquez explained that, although she never got a good look at the men's faces, she was able to identify their clothing.

The State then called Officer Zegar of the Aurora police department to identify defendant as one of the two men whom Ms. Marquez identified from the backseat of the squad car.

Defendant argues that, because Ms. Marquez was unable to identify defendant in open court, the trial court should not have admitted as substantive evidence Ms. Marquez' prior identification of defendant. Instead, the trial court should have ruled the testimony inadmissible under section 115—10.1 of the Code of Criminal Procedure (725 ILCS 5/115—10.1 (West 1996)) as a prior inconsistent statement. The State responds that, under section 115—12, an in-court identification is not a prerequisite to the substantive admission of a prior out-of-court identification.

■ This issue requires us to consider the application of potentially competing evidentiary rules. On the one hand, section 115—10.1 precludes the trial court from admitting as substantive evidence a witness' prior inconsistent statement unless (1) the witness is subject to cross-examination concerning the statement; and (2) the statement was made under oath. 725 ILCS 5/115—10.1 (West 1996). In light of Ms. Marquez' inability to identify defendant in open court, Ms. Marquez' prior identification of defendant could be construed as a prior inconsistent statement. Because Ms. Marquez' prior identification statement was not made under oath, defendant argues that, under section 115—10.1, Ms. Marquez' prior identification was inadmissible as substantive evidence.

On the other hand, section 115—12 allows the trial court to admit as substantive evidence a prior statement of identification if (1) the declarant testifies at trial; and (2) the declarant is subject to cross-examination. 725 ILCS 5/115—12 (West 1996). In this case, Ms. Marquez testified at trial and was vigorously cross-examined by defense counsel. Thus, under section 115—12, Ms. Marquez' prior identification appears to be admissible as substantive evidence.

■ We perceive two possible resolutions to the apparent conflict between sections 115—10.1 and 115—12. The first, which defendant

advocates, is that section 115—12 authorizes the substantive admission of all prior statements of identification that corroborate a witness' in-court identification. Thus, defendant argues, had Ms. Marquez identified defendant in open court as one of the two men she saw robbing her neighbors' house, the trial court's substantive admission of Ms. Marquez' prior identification of defendant would have been proper. In this case, however, where Ms. Marquez was unable to identify defendant in open court, defendant argues that the trial court should have treated Ms. Marquez' prior identification of defendant as a prior inconsistent statement under section 115—10.1. Thus, defendant reads section 115—10.1 as an exception to section 115—12. That is, a prior identification is admissible under section 115—12 unless it is a prior inconsistent statement as defined in section 115—10.1.

Defendant's position is not without support in the law. In *People v. Davis*, 137 Ill. App. 3d 769 (1985), the Appellate Court, First District, faced a set of facts virtually identical to that presented in this appeal. In *Davis*, on the day after he was shot, the complaining witness identified the defendant as his assailant. *Davis*, 137 Ill. App. 3d at 770. At the preliminary hearing, the witness again identified the defendant as his assailant. *Davis*, 137 Ill. App. 3d at 770. At trial, however, the witness testified that, although defendant may have been the man who shot him, he was uncertain. *Davis*, 137 Ill. App. 3d at 770. The trial court then permitted the prosecution to question the witness regarding his prior identifications of the defendant. *Davis*, 137 Ill. App. 3d at 770.

On appeal, the *Davis* court held that the trial court should not have admitted the witness' prior statements of identification as substantive evidence. In so ruling, the court noted that, three years prior to the enactment of section 115—12, the Illinois Supreme Court, in *People v. Rogers*, 81 Ill. 2d 571 (1980), held that evidence of a witness' prior identification was admissible solely for purposes of corroborating an in-court identification and not as substantive evidence. *Davis*, 137 Ill. App. 3d at 770-71. Given the temporal proximity between the *Rogers* decision and the legislature's enactment of section 115—12, the *Davis* court concluded that section 115—12 represented a direct response to *Rogers*. *Davis*, 137 Ill. App. 3d at 771. The *Davis* court therefore read section 115—12 narrowly and concluded that it merely expanded the holding in *Rogers* to permit the admission of prior consistent identification statements as both corroborative and substantive evidence. *Davis*, 137 Ill. App. 3d at 771. Because the complaining witness was unable to identify Davis in open court, the *Davis* court held that the witness' prior identifications were not

admissible as substantive evidence under section 115—12. *Davis*, 137 Ill. App. 3d at 771-72.

Defendant's reading of sections 115—10.1 and 115—12 is not, however, the only reading. As noted above, section 115—12 on its face permits the substantive admission of all prior identification statements without regard to whether the witness makes an in-court identification. Thus, it is also possible to read section 115—12 as an exception to section 115—10.1. That is, a prior inconsistent statement is inadmissible under section 115—10.1 unless it is a prior statement of identification as defined in section 115—12. This position, which the State advocates, also finds ample support in the law.

First, the plain language of section 115—12 neither requires an in-court identification nor prohibits the introduction of a prior identification statement where the witness is unable to identify the defendant in open court. Section 115—12, in its entirety, provides:

> "Substantive Admissibility of Prior Identification. A statement is not rendered inadmissible by the hearsay rule if (a) the declarant testifies at the trial or hearing, and (b) the declarant is subject to cross-examination concerning the statement, and (c) the statement is one of prior identification of a person made after perceiving him." 725 ILCS 5/115—12 (West 1996).

We read nothing in this statute that prohibits the introduction of a prior identification where the witness is unable to identify the defendant in open court. Had the legislature intended such a prohibition, it easily could have drafted a section 115—12(d) reading "and the statement corroborates the declarant's identification of the person in open court." The legislature did not, however, attach this final condition.

Second, the Illinois Supreme Court has issued two opinions that can be read to support the State's reading of section 115—12. In *People v. Holveck*, 141 Ill. 2d 84 (1990), the Illinois Supreme Court held that, under section 115—12, an in-court identification is not a prerequisite to the substantive admission of a prior identification. *Holveck*, 141 Ill. 2d at 105. In *Holveck*, without ever attempting an in-court identification, the State questioned its identification witness about her out-of-court identification of the defendant. *Holveck*, 141 Ill. 2d at 104. In affirming the trial court's substantive admission of the testimony, the *Holveck* court held that, because the witness testified at trial and was subject to cross-examination, the elements of section 115—12 were satisfied and the trial court's admission of the prior identification was proper. *Holveck*, 141 Ill. 2d at 105. Read narrowly, *Holveck* permits the substantive admission of a prior identification statement where the State does not attempt an in-court

identification. Read broadly, *Holveck* rejects the *Davis* court's holding that a prior identification is inadmissible where the witness is unable to identify the defendant in open court.

More problematic is the Illinois Supreme Court's decision in *People v. Lewis*, 165 Ill. 2d 305 (1995), a case upon which both defendant and the State rely. In *Lewis*, the defendant sought to introduce his arrest report as a prior identification statement under section 115—12. *Lewis*, 165 Ill. 2d at 342. Defendant argued that, because the physical description contained in the arrest report differed from that contained in the incident report, the arrest report was admissible to rebut the complaining witness' identification of defendant. *Lewis*, 165 Ill. 2d at 342. In rejecting this argument, the court stated:

> "Born out of this court's decision in *People v. Rogers* (1980), 81 Ill. 2d 571, [section 115—12] is designed to permit the use of prior *consistent* out-of-court statements as corroborative or substantive evidence of a witness' prior identity of a defendant. (See *People v. Holveck* (1990), 141 Ill. 2d 84, 104-05; *People v. Hayes* (1990), 139 Ill. 2d 89, 140; M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 611.16 (6th ed. 1994); see also *People v. Davis* (1985), 137 Ill. App. 3d 769, 771.) Defendant's proffer of the arrest report description was neither corroborative of [the complaining witness'] prior identification of defendant nor was it substantive evidence of such. The rule has no application here." (Emphasis in original.) *Lewis*, 165 Ill. 2d at 343.

Defendant argues that, because the court in this passage both emphasized the word "consistent" and cited *Davis*, the court effectively endorsed the holding of *Davis*. The State, by contrast, argues that *Lewis* represents an endorsement of *Holveck* and thus, by implication, a rejection of *Davis*. We agree with the State.

Defendant's reading of *Lewis* is flawed for two reasons. First, although we concede that the first sentence read alone may support defendant's interpretation, the first sentence must be read in the context of both the entire passage and the facts of the case. Again, the defendant in *Lewis* argued that section 115—12 permits the substantive admission of a prior statement that *misidentified* him as the offender. The passage set forth above is a direct response to this argument. Indeed, in the second and third sentences of the passage, the court makes clear that its purpose is to confine the scope of section 115—12 to prior statements that *identify* the defendant as the offender. Stated differently, the court rejects the defendant's argument that section 115—12 permits the substantive admission of prior statements that *misidentify* the defendant as the offender. Contrary to defendant's assertion, we do not believe that *Lewis* necessarily represents an embrace of *Davis*.

Second, defendant's reading of this passage is precluded by an examination and understanding of the authority cited by the court. At first blush, the court appears to be citing patently contradictory authority. On the one hand, the court cites *Davis* which, as discussed above, holds that a prior identification is inadmissible where the witness is unable to identify the defendant in open court. On the other hand, the court cites (1) *Holveck*, which holds that an in-court identification is not a prerequisite to the introduction of a prior identification; and (2) section 611.16 of Cleary & Graham's Handbook of Illinois Evidence, which both endorses the view that section 115—12 permits the introduction of a prior identification even where the witness is unable to identify the defendant in open court and expressly rejects the holding of *Davis*. We fail to see how the court, as defendant contends, could embrace *Davis* while simultaneously citing authority that expressly rejects *Davis*. Defendant offers no explanation for the apparent conflict, and we therefore decline to read *Lewis* as an endorsement of *Davis*.

We believe that there is only one way to reconcile the *Lewis* court's reliance on apparently contradictory authority. The manner in which the court cited *Davis* demonstrates that the court did not attribute as much weight to *Davis* as it did to *Holveck* and Cleary & Graham. While the court introduces *Holveck* and Cleary & Graham with the signal "see," it separates *Davis* from the rest of the citations with the signal "see also." This separation is critical because "see" indicates that the cited authority clearly and directly supports the proposition endorsed by the court, while "see also" connotes support of a more general nature. See The Bluebook: A Uniform System of Citation § 1.2(a), at 23 (15th ed. 1991). Given this distinction, we conclude that the *Lewis* court's reading of section 115—12 ultimately is consistent with that set forth in *Holveck* and Cleary & Graham and not with that set forth in *Davis*.

Finally, sound public policy supports the proposition that section 115—12 permits the introduction of a prior identification even where the witness is unable to identify the defendant in open court. Whereas a witness' initial identification of the defendant often occurs within days, hours, or even minutes of the crime, the defendant's trial typically occurs several months after the initial identification. A reliable identification occurring only minutes after the crime should not be kept from the jury solely because the witness is unable, several months later and under the pressure of testifying in court, to identify the defendant who, in many cases, will have modified his appearance since the time of the initial identification. Indeed, we believe that the legislature sought to avoid precisely that result when it enacted section 115—12.

Accordingly, we respectfully decline to follow the decision in *Davis* and instead adopt the position set forth expressly in Cleary & Graham and, by implication, by the Illinois Supreme Court in *Holveck* and *Lewis*. We therefore hold that, notwithstanding Ms. Marquez' inability to identify defendant in open court, the trial court properly admitted as substantive evidence Ms. Marquez' prior identification of defendant.

■ Defendant's second argument is that the State failed to prove defendant's guilt beyond a reasonable doubt. When determining whether the State proved the defendant's guilt beyond a reasonable doubt, this court's duty is not to ask itself whether it believes that the evidence establishes the defendant's guilt. *People v. Miller*, 284 Ill. App. 3d 16, 24 (1996). Rather, our duty is to ask whether the evidence viewed in a light most favorable to the prosecution would allow any rational trier of fact to find the essential elements of the crime proved beyond a reasonable doubt. *Miller*, 284 Ill. App. 3d at 24. The reversal of a conviction is required only where the defendant can show that the evidence is so unsatisfactory or improbable as to create a reasonable doubt of the defendant's guilt. *Miller*, 284 Ill. App. 3d at 24.

■ The trial court convicted defendant of residential burglary (720 ILCS 5/19—3(a) (West 1996)). Under section 19—3 of the Criminal Code of 1961, a person commits residential burglary when he or she "knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." 720 ILCS 5/19—3(a) (West 1996). In Illinois, the defendant's possession of recently stolen property is sufficient to support a burglary conviction if (1) there is a rational connection between his recent possession of property stolen in the burglary and his participation in the burglary; (2) his guilt of burglary more likely than not flows from his recent, unexplained possession of the burglary proceeds; and (3) there is evidence corroborating the defendant's guilt. *People v. Housby*, 84 Ill. 2d 415, 424 (1981); *People v. Caban*, 251 Ill. App. 3d 1030, 1033 (1993). In addition, the identification testimony of a single eyewitness is sufficient to sustain the defendant's conviction. *People v. Hayes*, 139 Ill. 2d 89, 147 (1990).

■ In construing the first prong of the *Housby* test, this court has held that a rational connection exists between recent possession of stolen property and participation in the burglary if the inference that defendant obtained the items by burglary is not unreasonable. *Caban*, 251 Ill. App. 3d at 1033. Of paramount concern in determining whether the inference is reasonable is whether defendant's possession of the stolen property is proximate to both the time and place

of the burglary. *Caban*, 251 Ill. App. 3d at 1033; *People v. Span*, 156 Ill. App. 3d 1046, 1051-52 (1987). In *Caban*, for example, the State satisfied the first prong of the *Housby* test by showing that the police found the defendant four miles from the scene of the burglary in possession of the stolen property. *Caban*, 251 Ill. App. 3d at 1031, 1033. In *Span*, the State satisfied the first prong of the *Housby* test by showing that the police found the defendant 40 minutes after the burglary in possession of the stolen goods. *Span*, 156 Ill. App. 3d at 1051-52.

In this case, the State demonstrated proximity of both time and distance. Ms. Marquez testified that approximately 20 minutes passed between the time she watched defendant leave her neighbors' house and the time she identified defendant for the police at the apartment house. In addition, Officer Zegar described the distance between the victims' house and the apartment house as a two- to three-minute drive. Finally, Officers Woods and Zegar testified that, when they arrived at the apartment house approximately 20 minutes after the burglary, they found defendant in possession of the property stolen from the victims' house. Thus, under *Caban* and *Span*, we hold that the State satisfied the first prong of the *Housby* test.

With respect to the second prong of *Housby*, this court has held that "joint possession with another can be exclusive possession for the purpose of satisfying the [second prong of the] *Housby* test." *Span*, 156 Ill. App. 3d at 1052. In this case, Officers Woods and Zegar of the Aurora police department testified that, when they arrived at the apartment house, they discovered defendant and his brother in possession of the property stolen from the victims' residence. Thus, under *Span*, we hold that defendant's possession was exclusive for the purposes of *Housby*. In addition, given both Ms. Marquez' testimony that she watched defendant walk with arms full from her neighbors' house to the apartment house and the proximity in time between the burglary and arrest, we find that the jury would have been reasonable in concluding that the defendant more likely than not committed the burglary.

Finally, the State satisfied the third prong of the *Housby* test by presenting evidence of Ms. Marquez' positive identification of defendant. As noted above, even absent the *Housby* presumption, the positive identification of an accused by a single eyewitness is sufficient to sustain a conviction. *Hayes*, 139 Ill. 2d at 147. Here, Ms. Marquez watched defendant leave her neighbors' house with arms full of stolen property, followed defendant for several blocks for the sole purpose of making an identification, accurately described defendant's clothing and physical appearance to the police, and identified defendant at

the apartment house with neither hesitation nor equivocation. Thus, we hold that Ms. Marquez' positive identification of defendant was sufficiently corroborative of defendant's guilt to satisfy the third prong of *Housby*.

Accordingly, because the State both satisfied the *Housby* test and presented evidence of an eyewitness' positive identification of defendant, we hold that the State proved defendant's guilt beyond a reasonable doubt.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

DOYLE and RATHJE, JJ., concur.